## WILLIAM T. JOHNSON
## v.
## LAMBERT ELIEL.

1. JURISDICTION—CASES RELATING TO REVENUE.—A proceeding by the county treasurer to enforce the collection of taxes is a case "relating to the revenue," and this court has no jurisdiction of the appeal.

2. APPEALS FROM COUNTY COURT.—Section 123 of the act relating to county courts, as amended in 1881, does not change the rule in regard to appeals direct to the Supreme Court in cases relating to the revenue. The classes of cases enumerated in that section relate to proceedings for the confirmation of special assessments, the sale of lands for taxes, common law and attachment cases, and cases of forcible entry and detainer.

3. APPEALS—CHOICE OF FORUM.—The statute allowing appeals to be taken to the Supreme or Appellate Court, is not intended to give suitors an option to appeal to either of these courts as they may please, but merely that the appeal shall go to that court, which, under the statute regulating that subject, has jurisdiction in the particular case.

APPEAL from the County Court of Cook county; the Hon. MASON B. LOOMIS, Judge, presiding. Opinion filed January 4, 1882.

This case was as follows: William T. Johnson, County Treasurer of Cook county, and *ex officio* collector, filed his petition in the county court, alleging, that on the 10th day of March, 1881, there came into his hands as such collector, a warrant for the collection of taxes for the year 1880, and prior years ; that the personal property taxes assessed against the firm of Eliel, Danziger & Co., for the year 1880, upon their

personal property in South Chicago, amounted to the sum of $169.58, and upon their personal property in North Chicago, to the sum of $250.71; that said firm of Eliel, Danziger & Co. made an assignment to Lambert Eliel on the 30th day of June, 1880, and that said assignee has a fund in his hands sufficient to pay said taxes ; that in said tax warrant there were taxes for previous years, which had been returned as delinquent, and that said delinquent taxes against said firm amount to $469.80.    The petition prays for an order upon said assignee, to pay said taxes out of the moneys in his hands.    A demurrer to said petition being sustained, it was ordered that the petition be dismissed ; to which order said Johnson excepted, and brings the record to this court by appeal.

Mr. Consider H. Willett, for appellant; that in cases of voluntary assignment of property, taxes are a paramount lien superior to the claims of general creditors, cited Rev. Stat. Chap. 120, §§ 5, 254, 255; Cooley on Taxation, 306; Dunlap v. Gallatin Co. 15 Ill. 7; Dennis v. Maynard, 15 Ill. 477; Hill v. Figley, 23 Ill. 418; Almy v. Hunt, 48 Ill. 45; Schaffer v. The People, 60 Ill. 179; Binkert v. Wabash R'y Co. 98 Ill 205; Belleville Nail Co. v. The People, 98 Ill. 399.

The assignee stands in the place of the assignor as to all liens upon property received through a voluntary assignment: Jenkins v. Pierce, 98 Ill. 646; Hardin v. Osborne, 94 Ill. 571; Yeatman v. Savings, 95 U. S. 764; Hill v. Harding, 93 Ill. 77; Wales v. Bogue, 31 Ill. 464; High on Receivers, § 138.

As to jurisdiction on appeal: Laws of 1881, 68; Rev. Stat. Chap. 37, § 123.

Bailey, J.    The sole scope and purpose of the petition in this case is to enforce the collection of the taxes assessed and levied upon the property of the firm of Eliel, Danziger & Co. for the year 1880, and previous years.    It is clear, then, that it is a case " relating to revenue," and consequently, under section 88 of the Practice Act, we have no jurisdiction of the appeal.

It is insisted, however, that the rule established by the section above cited, as amended June 2, 1879, is changed so far

as appeals from county courts are concerned, by section 12?
of the act in relation to county courts, as amended May 30th.
1881.   Laws 1881, page 66.   On this point we have to say that
the merest inspection of the section last mentioned is suffi-
cient to show that it has no application to proceedings like
this.   The classes of cases there enumerated are, proceedings
for the confirmation of special assessment, proceedings for the
sale of lands for taxes and special assessments, common law
and attachment cases, and cases of forcible detainer and forci-
ble entry and detainer.   It is suggested, although we are
hardly disposed to regard the suggestion as being seriously
made, that the present proceeding may be classed as a common
law case, and so brought within the provisions of said section.
Common law cases embrace only those actions which are
brought under the various forms of action known to the com-
mon law, and it is very obvious that a petition for an order of
distribution in a proceeding under our statute in relation to
insolvent debtors, is not one of them.

Nor do we think that it was the intention of the section of
the statute here cited, to establish any different rule in rela-
tion to jurisdiction of appeals from the county court, from
that which prevails in cases of appeals from other courts.
The statute must be construed in connection with other
statutes *in pari materia*, and although its language is, that
appeals in the classes of cases enumerated may be taken to
the Supreme Court, or Appellate Court, it should not be under-
stood as intending to give suitors an option to appeal to either
of these courts, as they may please, but merely, that in each
class of cases the appeal shall go to the court which, under
the statutes regulating that subject, has jurisdiction in the
particular case.

As we have no jurisdiction of the case, the appeal must be
dismissed.

Appeal dismissed.