# GALVESTON CITY RAILROAD COMPANY
## v.
# GEORGE A. HOOK AND EDGAR C. GREENE.

*Foreign Corporations—Service of Process—Pleading—Practice.*

1. A merely casual offer by the president of a foreign corporation, while temporarily sojourning in this State upon his own business, in which it has no agent or place of business, to receive a proposition relating to the business of his company, is not the transaction of business by an agent in

such sense as authorizes the conclusion that the company is transacting its business in this State.

2. To be found within the State, a foreign corporation must have sent its agent on whom service is made, to the State to conduct its business therein, either continuously or for a time, so as to complete a transaction or an enterprise, or at least charged with the duty of making a particular contract in the State, or negotiating therein for the company.

3. A defendant, by pleading the general issue in a given case after a demurrer has been sustained to his plea in abatement, does not waive his rights thereunder. Nor is such plea waived where defendant asks leave to amend it after the demurrer thereto was sustained, which leave is denied.

4. In the case presented, this court holds that a certain telegram sent by the president of a foreign corporation, was not such an act as brought the same, in legal contemplation, within the State, so as to be found therein for the purpose of the service of process upon it.

[Opinion filed July 30, 1891.]

IN ERROR to the Superior Court of Cook County; the Hon. ELLIOTT ANTHONY, Judge, presiding.

An action of assumpsit was brought by appellees against appellant in the Superior Court of Cook County. The return by the sheriff was that the summons was served on the appellant by delivering copy to W. H. Sinclair, president and director thereof. The defendant filed a plea in abatement as follows:

"And the said Galveston City Railway Company, defendant in the above entitled cause, by Gardner, McFadon & Gardner, its attorneys, specially limiting and confining its appearance to the sole purpose of filing this plea and objecting to the jurisdiction of this court in the premises, comes and defends, etc., and says that this court ought not to have or take further cognizance of the action aforesaid as to it, because it says that said defendant company was and is a corporation aggregate, organized and existing under and by virtue of the laws of the State of Texas; that the location of its only office and place of business has been at all times and is within the city of Galveston, Texas, and it never had nor has any office or place of business in the State of Illinois; that the sole object for which said defendant company was formed was to erect and operate a railway in said city of Galveston, in said State of Texas, and for no other purpose what-

ever; that said defendant company did not reside in and was not found in said State of Illinois, and was not served with process in said State of Illinois, and that said defendant company, at the time of the commencement of this suit, theretofore and from that time hitherto has resided in the city of Galveston, State of Texas; and that it is a corporation whose legal and actual status is in the State of Texas and not elsewhere.

"This defendant further says that neither its president nor its secretary, nor its treasurer, nor any of its directors, nor any other of its officers or of its clerks or agents, reside, or have at or since the commencement of this suit resided in the State of Illinois, nor have any of them any place of business there, at or since said time; that it has not authorized any agent, officer, clerk, attorney or counselor to appear for it in this suit, except for the special purpose of objecting to the jurisdiction of this court; that William Sinclair, on whom process in this cause was served, was and is president of said company; but he was not at the time of such service within the State of Illinois on official business for the defendant, nor in any official character as the officer, director or agent of this defendant, nor otherwise than accidentally and temporarily on his own private business and pleasure, and not in any wise as representing this defendant; that said Sinclair, while in said Cook County, transacted no business for said company, nor was he authorized to transact any; that while in Cook County he telegraphed to a person in Minnesota, who once desired to buy the property of said company in Galveston, that he would be in Chicago, and while there would receive any proposition from said party for its purchase, but said Sinclair was not in Chicago for the purpose of meeting said person, but entirely on his own business and on business in no way connected with said company; and he had no authority from said company to pass on any proposition said Minnesota party might make, but only to receive it and report it to said company, and said Sinclair so knew, and did not intend to pass thereon; that said Minnesota party telegraphed in reply that he could not come and there the matter ended;

that said William Sinclair has never resided, nor has had nor has a place of business or any office in said county of Cook, but at the time of said attempted service upon this defendant through him, he resided and still resides in the State of Texas.

This defendant further says that said William Sinclair was not then and there authorized to represent it as an officer, director, agent or otherwise, nor to receive service of legal process, and this the defendant is ready to verify.

Wherefore it prays judgment whether this court can or will take further cognizance of the action aforesaid as to it."

A demurrer was sustained to this plea and appellant asked leave to file an amended plea leaving out the statement of the telegraph to Minnesota, but the court refused the leave.

Defendant thereupon filed the general issue, and on a trial there was a verdict and judgment against appellant, to reverse which the writ of error is prosecuted.

Messrs. GARDNER, McFADON & GARDNER, for plaintiff in error.

The Superior Court erred in sustaining the demurrer of the plaintiffs to the original plea of defendant to the jurisdiction.

The plea showed that the defendant was a Texas corporation and did no business in Illinois; that Sinclair, its president, while in Illinois on his own private business, which in no way was connected with the company's business, sent a telegram to a Minneapolis party saying he would be in Chicago for a few days and would there receive and transmit to the company any proposition said party might make to purchase its property in Galveston; and that the Minneapolis party declined to come.

This sending of the telegram was not such a transaction of business as to render the defendant liable to service in Cook County.

The attorney for the defendants in error will probably admit that the plea to the jurisdiction would have been good if it had not admitted that Sinclair sent said telegram. See Midland Pacific Ry. Co. v. McDermid, 91 Ill. 170; Silsbie v. Hotel Co., 30 Ill. App. 204.

They claim, however, that the sending of the telegram was a transaction of business by the company which made it subject to service in Cook County. This we deny and call attention to the following language of the Illinois Supreme Court in the case of Midland Pac. Ry. Co. v. McDermid, 91 Ill., on p. 173–4 :

" There is a great justness in the construction heretofore given to this clause of the statute (Sec. 5 of Practice Act), that where foreign railroad companies do business in this State and have here local agents, service of process may be had on them in like manner as upon domestic companies. That is the broadest construction that can be given to this section of the statute," etc.

This language is a strong intimation that a single act of business performed in this State by an officer of a foreign company, which has no place of business in this State and no officer here, will not render the company liable to service here.

In the case of St. Louis Wire Co. v. Barb Wire Co., 32 Fed. R. 802, suit was brought by the plaintiff in the Federal court for Missouri against defendant, a Kansas company. Said defendant filed a plea to the jurisdiction on which issue was taken.

The evidence showed that the defendant had no office or place of business in Missouri, but occasionally made purchases of wire at St. Louis either by sending an agent there or by correspondence. The wire, for the value of which the suit was brought, was purchased by Henley, defendant's agent, in St. Louis, and he was in St. Louis, and was conferring with the officers of the plaintiff's company about settling for the value of said wire when he was served with summons in the case.

On the above evidence the court held that the defendant was not amenable to service under Section 3489, R. S. Missouri, which provides for service on foreign corporations and is substantially the same as our own statute. On page 805 the court said: " When it is said that a corporation is engaged in business in a foreign State, and for that reason has voluntarily subjected itself to the operation of the laws of such foreign State regulating the service of process on foreign

corporations, reference is plainly had to business operations
of the corporation carried on within the State through the
medium of agents appointed for that purpose, that are contin-
uous, or at least of some duration, and not to business transac-
tions that are merely casual, such as an occasional purchase of
goods or material within the foreign State." See also Good
Hope Co. v. Ry. Barb. Fencing Co., 22 Fed. R. 735; Carpenter
v. Air Brake Co., 32 F. R. 434.

These cases all have a bearing on the question in this case,
because the Federal courts are obliged to determine the ques-
tion of liability to service in the same way State courts must,
viz., with reference to the State statutes. United States v.
Telephone Co., 29 F. R. 34 and 35.

This act of Sinclair's in sending the telegram was much
less of a business act than the purchase of goods. It involved
no traveling to examine goods, no such expense on the part
of the company as is necessary in the purchase of goods, and
no time to mention on the part of the officers of the company.
It was a futile act of which nothing came, as the Minneapolis
party wired that he could not come to Chicago.

Further, the mere sending of this telegram did not necessi-
tate the presence of the company in Illinois, for the sending
thereof could have been done in Texas as well as Illinois.

Under the foregoing authorities the court below clearly
erred in sustaining the plaintiffs' demurrer.

The court below also erred in refusing the Galveston City
Railroad Co. leave to file its amended plea to the jurisdic-
tion.

The Illinois Supreme Courts have always held that a plea
to the jurisdiction is amendable and is not such a plea of
abatement as to be within the exception of pleas in abate-
ment from the benefits of the act permitting amendments.
Midland Pac. Ry. Co. v. McDermid, 91 Ill. 170; Safford v.
Ins. Co., 88 Ill. 296; Drake v. Drake, 83 Ill. 528.

The amended plea presented to the court left out those
admissions that Sinclair sent said telegram, and was exactly
like the plea of the Hotel Co., in the case of Silsbie v. Quincy
Hotel Co. A plea to the jurisdiction differs in many ways
from an ordinary plea in abatement.

Such a plea is judged in the same way as a plea to the merits and not " by any technical and metaphysical learning in regard to pleas in abatement." Drake v. Drake, 83 Ill. 528.

Mr. WILLIAM M. JOHNSON, for defendants in error.

The demurrer to the plea of the plaintiff in error was properly sustained by the Superior Court.

The first proposition submitted to this court by plaintiff in error is, that the Superior Court of Cook County acquired no jurisdiction over it, because it is a corporation formed under the laws of the State of Texas, having no place of business here, and counsel, under point 1 of the brief, assumed to believe that the plea filed would be concededly good under the weight of authority if it had omitted the fact that a telegram was sent from Chicago by Sinclair, its president, on corporate business. This assumption is unwarranted. A brief review of the plea will show that it contained ample facts from which the learned trial court was warranted in finding that Sinclair, president, was in Chicago upon and transacting corporate business by due authority of the corporation. At page 5 of the abstract the plea does state that Sinclair was in Chicago for pleasure, and was not authorized to transact corporate business, and then proceeds to set forth in detail what he did besides. He telegraphed to a person who desired to buy the property of the company in Galveston, announcing that he was in Chicago " and while there would receive any proposition from said person, for its purchase," and on page 6 of abstract adds that he had no authority to pass on such proposition, but to receive and to report it to said company.

This is the plea of the company, and is therefore its admission that Sinclair was here by due authority to commence the negotiations looking to a sale of the corporate property. He then was authorized to and did represent the company while here; because the negotiation was fruitless, in no way detracts from the authority conferred on him to represent the company here. He was here authorized to act as occasion

required. He was the company. Being thus here, he, and consequently the company, was found in our county.

The argument in the plea is, that he was not here in his representative capacity; the facts set forth in the plea refute the argument. The service was regular and conferred jurisdiction. Chap. 110, Sec. 4, R. S. of Illinois, provides for the manner of service.

This act applies to foreign corporations as well. Mineral Point R. R. Co. v. Keep, 22 Ill. 9.

The act is a remedial statute and should be most liberally construed. "It does not require a liberal construction to bring foreign corporations within the act." Peoria Insurance Co. v. Warner, 28 Ill. 429.

And in the case of Midland Pacific Ry. Co. v. McDermid, 91 Ill. 170, cited by counsel for plaintiff, it is expressly held that the section as to service of process applied to and embraced foreign as well as domestic corporations.

It is confidently submitted that when a foreign corporation comes into our State in the only way it can travel, *i. e.*, by its officers, to transact business, it thereby subjects itself to service of process in our State.

Chap. 32, Sec. 26, Rev. Stat. of Illinois, provides, in substance, that foreign corporations, and the officers and agents thereof, doing business in the State, shall have the same powers and be subject to the same liabilities and duties as domestic corporations.

In the case of Hannibal & St. Joe R. R. Co. v. Crane, 102 Ill. 249, in the opinion of Justice Walker, at p. 255, the principle here contended for is clearly set forth. The learned judge says: "If a foreign corporation is so far an inhabitant in a State into which it comes as to transact its business, it should be so far held an inhabitant as to be sued and served with process on the officer who transacts its business."

At page 256 of the same opinion the court uses language which aptly describes the case at bar. "Great wrong and injustice was perpetrated on our people by corporations located in other jurisdictions sending agents into this State who, in the

name and on behalf of such corporations, transacted business with our people.    *   *   *    And when the body became liable it defied the creditor and denied his right to sue in this State." And the court concludes that foreign corporate bodies should be content to have extended to them the same rights and privileges enjoyed by domestic corporations and no other.

In Silsbie v. Hotel Co., cited by counsel for plaintiff, the distinction claimed here is clearly intimated.

But it is respectfully submitted that plaintiff waived this plea by filing its general appearance and proceeding to a trial upon the merits before a jury.    Gilson v. Powers, 16 Ill. 355; Fergerson v. Rawlings, 23 Ill. 69; Knott v. Pepperdine, 63 Ill 219.

"After plea and trial, defendant will not be heard to say it was not in court." Bangor Furnace Co. v. Magill, 108 Ill. 656.

The granting or refusing an application to amend is discretionary.    It is a well settled principle, needing no citation of authorities, that pleas in abatement are not amendable.   Such pleas being dilatory must be definite and certain when interposed.    At best, an application to amend is always a matter of discretion.    Jackson v. Warren, 32 Ill. 331.

The exercise of this discretion will not be inquired into by an appellate court.

The case cited, 83 Ill. page 528, Drake v. Drake, and the portion quoted by counsel in the brief, recognizes this discretion and says: " When interposed in good faith." It is apparent that the amended plea in this case was not offered in good faith.    The omission of all the previous admissions and statements of fact which made plaintiff amenable to the process of our court, after full and exhaustive argument before the court below, on the original plea, tends to show this, and as well is almost tantamount to an admission that under the first plea, the court had jurisdiction of plaintiff by the service upon its president under the facts stated therein.

MORAN, P. J. We shall consider only the error in sustaining the demurrer to the plea in abatement above set out.

It would not be contended that said plea would not be a good plea to the jurisdiction, had it omitted the statement that Sinclair had sent a telegram to the Minneapolis party saying he would be in Chicago, and while there would receive any proposition from said party for the purchase of the property, intending to report it to said company. We are of opinion that such message sent from Chicago, under the circumstances stated in the plea, was not such an act as brought the corporation of which said Sinclair was president, in legal contemplation within the State, so as to be found within the State for the purpose of the service of process upon it.

The corporation has no place of business within the State, and the president, on whom the process was served, did not come into the State on business of the company, but on his own private business and pleasure. A merely casual offer to receive a proposition relating to the business of the company is not the transaction of business by an agent in such sense as authorizes the conclusion that the company is transacting its business in this State. To be found within the State, a foreign corporation must have sent its agent, on whom service is made, to the State to conduct its business therein, either continuously or for a time, so as to complete a transaction or an enterprise, or at least charged with the duty of making a particular contract in the State, or negotiating therein for the company. St. Louis Wire Co. v. Barb Wire Co., 332 Fed. Rep. 802; Midland Pac. Ry. Co. v. McDermid, 91 Ill. 170; Silsbie v. Hotel Co., 30 Ill. App. 204.

It is insisted that by filing the general issue after the demurrer to the plea in abatement was sustained, the plea in abatement was waived, and Bangor Furnace Co. v. Magill, 108 Illinois, 656, is relied on to sustain this contention.

This question was carefully considered by the court, and the precise point decided in Delahay v. Clement, 3 Scam. 200. It is there shown that on sustaining a plaintiff's demurrer to a plea in abatement, the judgment is *quod respondeat ouster*, and that in complying with this order to answer over, a party

can not be said to abandon his plea or waive his right to a correct decision upon it, and the distinction is pointed out between such a case and one where, after a plea in bar is held bad on demurrer, the defendant asks leave to amend his plea.

The point was again considered by the Supreme Court in Weld v. Hubbard, 11 Ill. 573, and Delahy v. Clement, cited and followed.

It is well settled by common law decisions that the judgment after demurrer sustained to plea in abatement was to plead over to the merits, and that pleading to the merits at all *before* a judgment of *respondeat ouster* would be a waiver of the plea in abatement; but no case can be found holding that plea to the merits *after respondeat ouster* waived any error in sustaining the demurrer to the plea in abatement. The conclusion in Delahy v. Clement was reasoned out on the principles of common law pleading, and the point remained settled in this State for a period of forty years.

We are not willing to believe that the Supreme Court intended to reverse the rule in what was said in Bangor Furnace Co. v. Magill. From the statement in the opinion in said case, it does not appear that there had been a judgment of *respondeat ouster* after sustaining a demurrer to a plea in abatement. The statement is that "plea in abatement, and motions calling in question the sufficiency of the service, were filed or made in the trial court, and the decisions of the court touching them are assigned for error." Of course, if the defendant filed the general issue voluntarily, and not in obedience to a judgment of the court to plead over, his act "was a waiver of any defects in the service of summons, and it would even obviate the necessity of the service of any process at all." The point now being considered could not have been presented by the record in the case. The court would not have overturned a point so well settled in practice, and twice directly ruled upon in its own decisions, without alluding to the prior cases and distinguishing or overruling them.

We conclude that Delahy v. Clement and Wild v. Hubbard are untouched by what is said in Bangor Furnace Co. v.

Magill, and the rule announced by those cases is supported by Harkness v. Hyde, 98 U. S. 476.

The contention that the plea in abatement was waived by defendants asking leave to amend it after the demurrer to it was sustained, which leave was denied, is no more tenable than the first position of defendant in error.

The point is directly decided in Drake v. Drake, 83 Ill. 526, and Midland Pac. Ry. v. McDermid, *supra*.

For the error in sustaining the demurrer to the plea in abatement, the judgment of the Superior Court must be reversed and the case remanded.

*Reversed and remanded.*