**James S. Botts, Appellant, v. Laura Cowan Patmore
Botts, Appellee.**

**Gen. No. 4,991.**

1. APPELLATE COURTS—*when without jurisdiction.* The appel-
late courts of this state are without jurisdiction of appeals wherein
the constitutionality of a statute is raised.

2. APPEALS AND ERRORS—*what not final judgment.* An order
setting aside a decree for a divorce made within the term of entry
is not a final order from which an appeal lies.

3. EVIDENCE—*when party cannot complain of admission of in-
competent testimony.* A party cannot complain of the admission
of incompetent testimony which he has himself offered.

4. DECREE—*when may be set aside.* A court entering a decree
of divorce has jurisdiction during the term of entry to set aside
such decree.

Divorce. Appeal from the Circuit Court of Will county; the
Hon. A. O. MARSHALL, Judge, presiding. Heard in this court at
the April term, 1908. Appeal dismissed. Opinion filed August 10,
1908.

COWING & YOUNG and WILLIAM A. MURPHY, for ap-
pellant.

William D. Heise, State's Attorney, for the People.

Mr. Presiding Justice Thompson delivered the opinion of the court.

On October 31, 1907, James S. Botts filed a bill for divorce against Laura Cowan Patmore Botts, in the Circuit Court of Will county, alleging desertion as a cause therefor. A summons was duly served on the defendant more than ten days before the return day. At the November term, on November 30, 1907, the defendant was defaulted. The evidence was heard and a decree entered dissolving the marriage between the parties, and ordering that neither of the parties should marry within one year from the date of the decree, provided, however, that the parties are not prevented from remarrying each other. On December 5, 1907, James S. Botts with Bertha Steinfeld, "a citizen of the state of Ohio," who "had lived for several years in Chicago," went to the State of Indiana and claim to have been married. This fact came to the knowledge of the judge who heard the divorce suit and a citation was issued at the said November term, 1907, on January 2, 1908, requiring James S. Botts to show cause "why he should not be held for contempt of court and why the divorce entered on November 30, 1907, should not be set aside." James S. Botts appeared and filed an answer to the citation setting up that he had not violated the terms of the decree within the jurisdiction of the court; that the court had no authority in the premises, and that there was no sufficient complaint on which to base the citation.

Bertha Steinfeld also appeared and petitioned for leave to be made a party, and stated that she was married on December 5, 1907, to Botts in Indiana, and that the decree of November 30 should not be vacated because of the situation in which such action would leave her. On the hearing upon the citation, Botts, by his counsel, offered the decree in evidence and excepted to

that part of the decree prohibiting him from marrying within a year. Proof was made that when the divorce was granted James S. Botts was advised in open court of that clause of the decree. That part of the decree is simply a copy of the statute. If the appellant desires to question the constitutionality of that statute by this appeal, then this appeal is not to the proper court, as this court has no jurisdiction where the validity of a statute is involved.

The appellant questioned the right of the court to issue the citation without a proper showing. The court thereupon dismissed the citation without prejudice, for want of a formal complaint and set aside and declared void the decree of November 30, 1907.

There is no decree or final judgment on the divorce suit in the record. The suit is still pending and undetermined. James S. Botts appeals "from that clause of the decree to which we excepted before hearing, and to the order setting aside and vacating the decree."

The appellant insists the court erred in permitting Bertha Steinfeld to testify in the matter of the citation. She testified at the instance of the appellant. He has no cause of complaint because of the admission of evidence offered by himself.

It is also assigned for error that the court had no jurisdiction to vacate the decree of November 30th. The order vacating the decree was made at the same term at which it was entered. "The decree had not become an unalterable record. It, with the records of other proceedings of the term, was still *in fieri* and under the control of the court to amend, change or vacate as justice might require." Danforth v. Danforth, 105 Ill. 603; Shanahan v. Stevens, 139 Ill. 428; Cooper v. Gum, 152 Ill. 471. The court did not dismiss the bill when the decree was vacated; so far as appears from the record the divorce proceeding is still pending in the Circuit Court. There is no appealable judgment in the Circuit Court. The appeal is dismissed.

*Appeal dismissed.*