568     APPELLATE COURTS OF ILLINOIS.

A. H. Woods Production Co. v. C., C. & L. R. R. Co., 147 App. 568.

## A. H. Woods Production Company, Defendant in Error, v. Chicago, Cincinnati & Louisville Railroad Company, Plaintiff in Error.

### Gen. No. 14,291.

1. CORPORATIONS—*purpose of statute regulating foreign.* The statute which requires foreign corporations doing business in this state to comply with certain regulations was not intended to prevent or interfere with interstate commerce, but its purpose was to guard against foreign corporations doing business in this state in competition with domestic corporations without being subject to the same restrictions and control as the domestic corporations and to prevent what, in effect, would be, but for the statute, unfair competition in domestic trade, in giving advantages to the foreign corporation not possessed by the domestic.

2. CORPORATIONS—*when foreign not doing business in this state.* To contract in another state to produce a play and to produce it in this state is not doing business in this state so as to require compliance with the statutory regulations applying to foreign corporations.

3. CRIMINAL LAW—*what not disturbance of peace upon Sunday.* Held, that the giving of the theatrical performance in question in this case upon Sunday did not contravene the statute as a noise, rout or amusement tending to disturb either the peace of society or of any private family.

4. APPELLATE COURTS—*when without jurisdiction.* The appellate courts of this state have no jurisdiction to pass upon the constitutionality of a statutory enactment.

Error to Municipal Court of Chicago; the Hon. WILLIAM N. COTTRELL, Judge, presiding. Heard in this court at the March term, 1908. Affirmed. Opinion filed March 4, 1909. Rehearing denied April 8, 1909.

WORTH E. CAYLOR, for plaintiff in error.

ADOLPH MARKS, for defendant in error.

MR. JUSTICE HOLDOM delivered the opinion of the court.

This writ of error is sued out in an endeavor to have this court, on review of the record presented, reverse the judgment of the Municipal Court for

$430.34 and costs, rendered by it in favor of plaintiff against defendant.

Defendant urges as grounds for reversal two reasons:

First, that plaintiff is a foreign corporation (and it is), and has not complied with the laws of this state in relation to foreign corporations, embraced in section 679, chapter 32 R. S. (and it has not).

Second, that plaintiff contravened sections 261 and 262 of the Criminal Code, which, it is contended, prohibits the giving of theatrical performances on Sunday.

The plaintiff is a New York corporation. The contract to produce in Chicago the theatrical play of "Nellie, the Beautiful Cloak Model", was made in the city of New York. The contract between plaintiff and defendant to carry the theatrical company of performers from Cincinnati to Chicago was made at Cincinnati, in the state of Ohio. Plaintiff has no office or place of business in Chicago. It maintains but one office and place of business, and that is in New York City.

We are unable to hold that the numerous cases cited by plaintiff in support of its first contention have any application to the facts in the case at bar. Within the reasoning of these cases, plaintiff was neither established nor doing business in Illinois within the purview of the statute *supra*. That statute was not intended either to prevent or interfere with interstate commerce, for if it was so intended it would defeat such purpose, as such an act would be a nullity as violating the interstate commerce clause of the federal Constitution. What is intended by the statute *supra* was to guard against foreign corporations doing business in this state in competition with domestic corporations without being subject to the same restrictions and control as the domestic corporation, and to prevent what in effect would be, but for the statute, unfair competition in domestic trade in giving ad-

vantages to the foreign corporation not possessed by the domestic. The sending of sales agents by foreign corporations into this state to take orders to be filled at the home office of the foreign corporation, and shipping therefrom the goods so ordered to the persons within this state from whom the orders were taken, has been held not to be in violation of the statute *supra,* and not to be doing business within this state so as to make it necessary to comply with the provisions of this statute in order to validate the right to maintain an action for goods so sold. Spry v. Chappell, 184 Ill. 539; G. C. R. v. Hook, 40 Ill. App. 547; Bradley v. Waukegan, 113 *id.* 600; March v. Strobridge, 79 *id.* 683; Havens v. Diamond, 93 *id.* 557; Goepfert v. Campagnie Generale Transatlantique, 156 Fed. Rep. 196.

The second contention is equally as fallacious as the first. Sections 261 and 262 of the Act *supra* are as follows:

"Sec. 261. Whoever disturbs the peace and good order of society by labor (works of necessity and charity excepted), or by any amusement or diversion on Sunday, shall be fined not exceeding $25. This section shall not be construed to prevent watermen and railroad companies from landing their passengers or watermen from loading and unloading their cargoes, or ferrymen from carrying over the water travelers and persons moving their families, on the first day of the week, nor to prevent the due exercise of the rights of conscience by whomever thinks proper to keep any other day as a Sabbath.

"Sec. 262. Whoever shall be guilty of any noise, rout or amusement on the first day of the week, called Sunday, whereby the peace of any private family may be disturbed, shall be fined not exceeding twenty-five dollars".

It can hardly be seriously contended that the giving of the theatrical performance in question on Sunday contravened this statute as a noise, rout or amuse-

ment tending to disturb either the peace of society or any private family. Especially is this so when it is a matter of common knowledge that the theatre in which the Sunday performance was given is far removed from family dwellings. A contract made to be performed on Sunday was held valid and binding in McCurdy v. Alaska & Chicago Commercial Co., 102 Ill. App. 120.

With the constitutionality of the Act in question this court has no concern, as it is a question which, under the law, it is impotent to decide. But in Foll v. People, 66 *id*. 405, it was decided that labor on Sunday did not violate Section 261 *supra,* unless done in a way to disturb the peace and good order of society. There is no evidence in this record justifying the assumption that the performance of ''Nellie, the Beautiful Cloak Model'', disturbed the public peace or good order of society.

The judgment of the Municipal Court being without error is affirmed.

*Affirmed.*