The People of The State of Illinois, Defendant in Error, v. G. J. Hyer, Plaintiff in Error.

Gen. No. 14,682.

APPEALS AND ERRORS—*when questions cannot be raised in Appellate Court.* The question of the validity of an act of the Legislature cannot be urged on review in the Appellate Court.

Action of debt. Error to the Municipal Court of Chicago; the Hon. FRANK P. SADLER, Judge, presiding. Heard in this court at the October term, 1908. Affirmed. Opinion filed November 22, 1909.

VAIL & VETTE, for plaintiff in error.

CHARLES ALLING, JR., and CHARLES G. HOFFMAN, for defendant in error.

MR. JUSTICE BAKER delivered the opinion of the court.

This is an action of debt brought by defendant in error against plaintiff in error to recover the penalty for practicing medicine without a license from the State Board of Health, imposed by section of an Act entitled, "An Act to regulate the practice of medicine in the State of Illinois and to repeal an Act therein named," in force July 1, 1899. Laws of 1899, p. 273. There was a trial by a jury and a verdict for the plaintiff for $100 debt, which found, "the defendant guilty

of practicing medicine without a license in the State of Illinois.'' Defendant's motion for a new trial was denied, and judgment entered on the verdict for $100 debt and costs, to reverse which the defendant prosecutes this writ of error.

The act regulating the practice of medicine provides for the organization of the State Board of Health and the granting by said board of licenses to practice medicine in this State. There were two previous acts regulating the practice of medicine, the first in force July 1, 1877, and the second July 1, 1887, each of which provided for the granting of licenses or certificates from the State Board of Health and prohibited the practice of medicine without such license or certificate, with an exception in the first act in favor of those who had been practicing ten years before the passage of the act. Both of the previous acts made it a penal offense to practice medicine without a license or certificate. Section 9 of the present act, under which this suit was instituted, contains the following provisions: ''Any person practicing medicine or surgery or treating human ailments in the State without a certificate issued by this board in compliance with the provisions of this act * * * shall, for each and every instance of such practice or violation, forfeit and pay to the People of the State of Illinois, for the use of the said board of health,'' certain penalties therein mentioned, and the section concludes with this proviso: *''Provided,* that this section shall not apply to physicians who hold unrevoked certificates from the State Board of Health issued prior to the time of the taking effect of this act.''

From the evidence in the record the jury might, we think, properly find the following facts: That defendant practiced medicine in Chicago after July 1, 1899; that he was not the graduate of any medical college; that he did not hold an unrevoked certificate from the State Board of Health issued prior to the time of the taking effect of the Act of 1899.

In People v. Langdon, 219 Ill. 189, it was held that a person practicing medicine in Illinois before the Medicine and Surgery Act of 1899 took effect, and who continues to practice medicine thereafter without obtaining a certificate from the State Board of Health under such act, or without holding an unrevoked certificate from the State Board of Health issued prior to the taking effect of the act, is within the terms of the act and subject to its penalties. Many of the contentions of plaintiff in error must be regarded as settled adversely to such contentions by the decision of the Supreme Court in People v. Langdon. To bring defendant within the proviso of the Act of 1899 he must hold an unrevoked certificate of the State Board of Health issued prior to the time of the taking effect of said act. It is immaterial what efforts the defendant may have made to procure such a certificate, nor how long he had practiced medicine in the State before the Act of 1899 took effect. The trial court therefore did not err in excluding the evidence offered by the defendant to show that he had practiced medicine in Illinois since 1867, and applied to the State Board of Health for a certificate after July 1, 1899.

The question of the validity of any of the provisions of the Act of 1899 cannot be raised in this court.

We think that the evidence is sufficient to warrant and support the verdict, and that the court did not err in denying defendant's motion for a new trial and entering judgment on the verdict. Finding no error in the record, the judgment of the Municipal Court will be affirmed.

*Affirmed.*