## W. B. Patterson, Appellee, v. John F. Denton, Tax Collector, and S. D. Burton, County Collector, Appellants.

1. APPEAL AND ERROR, § 16*—*when right to appeal exists.* An appeal can only be taken where the right to do so is conferred by statute.

2. APPEAL AND ERROR, § 17*—*how statutes on right of appeal construed.* Rev. St., ch. 110, sec. 123 (J. & A. ¶ 8661), authorizing an appeal from an interlocutory order denying motion to dissolve a temporary injunction, must be construed in connection with section 118 of the same chapter (J. & A. ¶ 8655), limiting appeals to the Appellate Court to cases in which the validity of a statute or the construction of the Constitution are not involved and which do not relate to the revenue, and in which the State is not interested as part or otherwise.

3. APPEAL AND ERROR, § 198*—*when Appellate Court no jurisdiction on appeal.* The Appellate Court has no jurisdiction to entertain an appeal from an order denying a motion to dissolve a temporary injunction, restraining a tax collector from collecting 'taxes levied pursuant to an order of a board of review, where the bill alleges that the statute under the authority of which the board acted is unconstitutional.

4. APPEAL AND ERROR, § 309*—*when appeal does not lie.* Rev. St., ch. 110, sec. 123 (J. & A. ¶ 8661) does not authorize an appeal to the Supreme Court from an interlocutory order denying a motion to dissolve a temporary injunction.

5. COURTS, § 138*—*when case not transferred to Supreme Court.* An appeal to the Appellate Court from an order denying a motion to dissolve a temporary injunction, restraining tax collectors from collecting taxes levied pursuant to an order entered by a board of review, where the bill challenged the validity of the statute under which such board acted, is properly dismissed and not transferred to the Supreme Court, inasmuch as there is no provision for an appeal to such court in such a case.

6. COURTS, § 138*—*when case not transferred to Supreme Court.* Where the Appellate Court has no jurisdiction to hear an appeal the case will not be transferred to the Supreme Court under Rev. St., ch. 110, sec. 102 (J. & A. ¶ 8639) if that court has no jurisdiction to hear the appeal.

Appeal from the Circuit Court of Moultrie county; the Hon.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

GEORGE A. SENTEL, Judge, presiding.   Heard in this court at the April term, 1916.  Appeal dismissed.  Opinion filed May 3, 1916.  Rehearing denied June 30, 1916.

E. J. MILLER and C. R. PATTERSON, for appellants.

JENNINGS & ELDER, for appellee.

MR. JUSTICE GRAVES delivered the opinion of the court.

This is an appeal from an order of the Circuit Court overruling a motion to dissolve a temporary injunction issued on a bill filed by appellee to restrain the defendant, John F. Denton, tax collector for the Township of Sullivan, in Moultrie county, Illinois, and the defendant, S. D. Burton, treasurer and county collector in and for the said county, and each of them and their deputies and agents from collecting from appellee the sum of $470.68, levied as taxes against appellee, pursuant to an order entered by the Board of Review of Moultrie County on the 6th day of August, 1915.   The bill alleges, among other things, that the statute under the authority of which the said board of review acted in entering the order in question is unconstitutional and void.

An appeal can only be taken where the right to do so is conferred by statute.  *Sharples v. Baker,* 100 Ill. App. 108.

The order appealed from is interlocutory.  The only statute authorizing an appeal from an interlocutory order denying a motion to dissolve a temporary injunction is found in section 123 of chapter 110, Rev. St. (J. & A. ¶ 8661), by the terms of which, appeals from such orders to the Appellate Court are authorized; but that section must be read and construed in connection with section 118 of the same chapter (J. & A. ¶ 8655), which expressly limits appeals to the Appellate Court, to cases in which the validity of the

statute or the construction of the constitution are not involved, and which do not relate to the revenue, and in which the State is not interested as a party or otherwise.

The Appellate Court has no jurisdiction to entertain an appeal or determine a question relating to the revenue: *People v. Cosmopolitan Fire Ins. Co.*, 246 Ill. 442; *Sumner v. Village of Milford*, 112 Ill. App. 623; *People v. Sisson*, 5 Ill. App. 558; *Mix v. People*, 7 Ill. App. 224; *Johnson v. Eliel*, 9 Ill. App. 520; or where the validity of the statute is involved: *Village of Morgan Park v. Knopf*, 111 Ill. App. 571; *Botts v. Botts*, 142 Ill. App. 216; *A. H. Woods Production Co. v. Chicago, C. & L. R. Co.*, 147 Ill. App. 568; *People v. Hyer*, 151 Ill. App. 593; *Patten v. Faithorn*, 152 Ill. App. 426; *Schaller-Hoerr Co. v. Gentile*, 153 Ill. App. 458; *Gillespie v. Patrick*, 146 Ill. App. 290.

The bill in this case relates to the revenue, and expressly challenges the validity of the statute under which the board of review acted in entering the order of August 6, 1915. This court, therefore, has no jurisdiction to entertain this appeal.

Section 102 of chapter 110 (J. & A. ¶ 8639) provides in part that:

"In the event any case is taken by appeal or writ of error to either the Supreme or Appellate Court and it is found or adjudged that the case was wrongfully appealed, or taken to such court, it shall be the duty of such court, immediately on so finding or adjudging, to direct the clerk to transmit the transcript and all files therein with the order of transfer to the clerk of the proper court. * * *"

Section 123 of chapter 110 (J. & A. ¶ 8661), already referred to as the only statute authorizing appeals from interlocutory orders denying motions to dissolve temporary injunctions, does not authorize appeals from such orders to the Supreme Court. In the case of *Craig v. Craig*, 246 Ill. 449, an order was entered by the Appellate Court of the Second District trans-

ferring an appeal from an interlocutory order denying a motion to dissolve a temporary injunction to the Supreme Court. That court refused to entertain that appeal, and said:

. "The order of the Circuit Court overruling the motion of the defendants to dissolve said injunction was an interlocutory order and one from which no appeal would lie to this court. * * * The Practice Act of 1907 (sec. 123, J. & A. ¶ 8661) provides for the review by the Appellate Court of interlocutory orders overruling motions to dissolve injunctions. That section of the statutes provides, however, that no appeal shall lie or writ of error be prosecuted to review the judgment of the Appellate Court on any such appeal."

It follows that no provision is made in our law for the review by appeal of interlocutory orders overruling motions to dissolve temporary injunctions where the validity of the statute or the construction of the constitution is involved, or that relates to the revenue, or in which the State is interested as a party or otherwise.

Neither the Supreme Court nor this court having jurisdiction to hear and determine this appeal, there is nothing left for this court to do but to dismiss it, which is accordingly done.

*Appeal dismissed.*