(No. 14268.—Reversed and remanded.)

THE PEOPLE *ex rel.* Oscar Miller, County Collector, Appellee, *vs.* THE CHICAGO, BURLINGTON AND QUINCY RAILROAD COMPANY, Appellant.

*Opinion filed December 22, 1921.*

1. TAXES—*arbitrary violation of principle of uniformity is an invasion of constitutional right.* While an error in the exercise of an honest judgment in fixing the value of property will not invalidate the tax, an arbitrary violation of the rule of uniformity, so that one person is compelled to pay a greater proportion of taxes, according to the value of his property, than another property owner, is an invasion of a constitutional right and will not be tolerated.

2. SAME—*the circumstances may be considered to determine whether property has been properly valued.* The circumstances under which a valuation has been made may be considered in connection with the amount, and may be sufficient to show that the valuation was not the result of the honest judgment of the assessing officer.

3. SAME—*witness may testify as to examination of records to determine whether property has been fairly valued.* In a proceeding by the county collector for judgment for delinquent taxes, to which objections are filed, a witness who has made examination of the records of sales of various properties in the county and who has examined the tax books of the county may testify as to the result of his examination for the purpose of showing that the property of the objector has not been fairly and proportionately valued.

4. SAME—*reports of tax commission are admissible in evidence as public documents.* The official records and reports of the tax commission, whose official duty it is to make them, are public documents and admissible in evidence in a proceeding by the county collector for delinquent taxes.

5. SAME—*counsel need not submit propositions of law in county collector's proceeding for delinquent taxes.* On application in the county court by the collector for judgment and order of sale for delinquent taxes, counsel are not required to submit and the court is not compelled to pass upon propositions of law, and the fact that no propositions are filed on the hearing does not preclude the raising of questions of law on appeal.

6. SAME—*when property of objector is not proportionately valued.* On application by the county collector for judgment for delinquent taxes the claim of an objector that its property was not proportionately valued is established by evidence that such property was valued for taxation at its full cash value, whereas other property, according to the custom prevailing in the county, was valued for taxation at from thirty to sixty per cent of its value or at an average of fifty per cent.

7. EVIDENCE—*official returns are generally received in evidence.* Where it is the duty of officials, under their oath of office, to certify certain official facts, such returns are generally received as evidence.

8. PRACTICE—*when propositions of law are required to be submitted.* Under section 61 of the Practice act, counsel are required to submit propositions of law to be passed on by the court only where the right to a trial by jury exists and has been waived, and the propositions are for the purpose of making the record show the principles of law which were applied to the decision of the case.

THOMPSON, J., dissenting.

APPEAL from the County Court of Massac county; the Hon. FRED SMITH, Judge, presiding.

J. A. CONNELL, and COURTNEY, HELM & HELM, for appellant.

WALTER ROBERTS, State's Attorney, and H. A. EVANS, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

The county collector of Massac county made application at the June term of the county court of said county for judgment for the delinquent taxes for the year 1920. Appellant, the Chicago, Burlington and Quincy Railroad Company, filed objections to the entry of judgment for

$3471.34 levied against its personal property in school districts Nos. 24, 15 and 4 in said county, and for $515.80 levied against its personal property in the city of Metropolis, in said county, on the ground that the taxes were excessive and illegal. After a hearing the county court overruled the objections and entered judgment against appellant for $3471.34 as to the school district taxes and for $619.16 taxes for the city of Metropolis, and for penalty and costs. Appellant thereupon deposited the amount of the taxes, penalty and costs and prosecuted an appeal to this court.

It is shown by the record that on July 14, 1920, appellant's general tax agent appeared before the board of review of said county and testified the full fair cash market value of 639,473 railroad ties, the personal property of the appellant in said county, was $556,800, and appellant filed a request that the board should value the ties, not at the full fair cash market value but according to the rule and custom alleged to obtain in that county of fixing the value of property for taxation at not more than fifty per cent of its actual fair cash market value. After a hearing the board of review adopted a resolution taxing appellant's ties at a valuation of eighty-seven cents per tie, or $556,800 for all the ties, and certified this value to the county clerk for the extension of appellant's taxes on such ties, and refused to equalize or reduce the full cash value as petitioned by the appellant.

On the hearing of objections before the county court appellant introduced evidence at some length showing that the assessed valuation of all of its personal property in the city of Metropolis was $18,510; that the total taxes levied on its personal property in said city was $1238.31; that appellant paid one-half of this, or $619.15, and withheld the other one-half, or $619.15. On the hearing the evidence tended to show that out of the assessed valuation of $18,510 in the city, $3000 was on floating equipment and $90 on tools, leaving the assessed value of ties here in ques-

tion at $15,420; that the tax levied on appellant's ties in the city of Metropolis was $1031.60; that one-half of this is $515.80, and that this one-half is the amount as to which appellant in its amended objections objected to the rendition of judgment. The evidence introduced by appellant, it is claimed by its counsel, showed that the full value of appellant's interest in the ties in school district No. 24 was taxed at $556,800 and should have been fixed at one-half thereof, or $278,400, and that in that event the total tax on its ties in the district should have been $3471.34 instead of $6942.67, and its objection as to this amount should have been sustained.

The evidence introduced upon the hearing before the county court tended to show that the assessors throughout the counties of the State of Illinois have adopted a rule that has grown into a custom and has been tacitly sanctioned by every department of the government having to do with the levying and assessing of taxes for a long course of years, of fixing the full value of property for purposes of taxation at only a proportion or part of its real, actual, full, fair cash market value; that this proportion varies from thirty to sixty per cent and averages about fifty per cent. Appellant introduced in evidence the report of an investigation conducted in seventeen counties in Illinois in 1919 by the State tax commission for the purpose of ascertaining the ratio of the full value of property used for purposes of assessment to the actual value, and claims that this report shows as to each of the seventeen counties the total number of conveyances in the county in 1919, the total number of acres conveyed, the sales value and full assessed value by tracts and per acre, and the ratio of the two values; that the average ratio of the full value for taxation purposes to the sales or true value in the seventeen counties was only 38.32 per cent. Appellant also introduced in evidence a portion of the Second Annual Report of the Illinois Tax Commission for 1920, and claims that this report

tends to show that the commission found a wide variation
in land assessments in the various counties; that in some
counties the full value of lands as fixed by the assessors was
only thirty per cent of the average fair cash value while in
other counties it ran as high as sixty per cent, and in the
equalization for 1919 the tax commission raised the valua-
tions in all counties where the value was fixed by the local
assessor at less than forty per cent and lowered them in all
counties where it was higher than fifty per cent, by adding
or deducting such a per cent for equalization as would bring
the equalized value of lands in the several counties to a
valuation between forty and fifty per cent of the fair cash
value.   In this second annual report, appellant claims, it was
shown that the commission found the assessed value of cer-
tain enumerated items of personal property to be less than
twenty per cent of the actual value of the property.   Ap-
pellant also introduced testimony of A. N. Banes, who was
employed by it and had made an examination of the records
of land transfers and tax books in Massac county to ascer-
tain the full assessed values and actual sale values of vari-
ous tracts of land by a method similar to that employed by
the investigators for the State tax commission.   Banes tes-
tified that he had no knowledge of the sales other than the
information he procured from the records; that he did not
select sales to show a great or a small consideration but took
them just as he came to them, where there was an actual
consideration and actual acreage shown; that he procured
data as to twenty-six different tracts, compiling on a sepa-
rate card as to each the sale value and full cash value of
the tract and the same per acre, the ratio of the two, and
other information, such as names and residence of grantor
and grantee, number of acres, amount of revenue stamps,
whether mortgaged or not, kind of conveyance, etc., and
had made a tabulation as to the twenty-six tracts which
showed that the total sales value of the tracts was $178,150
and the total full assessed value was $89,132, the latter

value being only about fifty per cent of the former. In addition to this appellant introduced oral testimony which tended to show that in Massac county it has been and is the rule and custom of assessors in fixing the full value of property for purposes of assessment, not to fix the same at the real, actual, fair cash market value of the property but at from forty to sixty per cent thereof, the average being about fifty per cent. Appellant put three witnesses on the stand, each of whom testified that he had spent many years either in the collection of taxes or in assessing property, and who testified that by long experience they were qualified to speak intelligently and accurately upon the question.

It is insisted by counsel for appellant that under the authorities, if the evidence is what they claim the record shows, appellant was entitled to have judgment in its favor as to the excess over and above fifty per cent of what its railroad ties were assessed. It has been held by this court that taxing authorities have no justification in withdrawing any property from the protection of the constitutional principle of uniformity of taxation, as uniformity of taxation is required under the constitution, and that a person cannot be compelled to pay a greater proportion of taxes, according to the value of his property, than another property owner. (*Board of Supervisors* v. *Chicago, Burlington and Quincy Railroad Co.* 44 Ill. 229; *Chicago and Northwestern Railway Co.* v. *Board of Supervisors,* 44 id. 240.) Where the assessing authorities have disregarded this provision of the constitution and the law and have assessed property far below its real cash value, generally speaking, they must also follow the principle of uniformity, and "their assessment of all persons and corporations * * * must be at the same proportionate value." (*People's Gas Light Co.* v. *Stuckart,* 286 Ill. 164.) While it is true that error in the exercise of an honest judgment in fixing the value of property will not invalidate the tax, it is also true that an arbitrary violation of the rule of uniformity is an invasion

of constitutional right and will not be tolerated; that "it is sufficient for an objector to show such willful and intentional violation of the constitutional provision, and where an assessment shows a very great disparity and discrimination, which could not reasonably have arisen from an error of judgment, the courts will give relief." (*People* v. *Keokuk and Hamilton Bridge Co.* 287 Ill. 246.) The circumstances under which a valuation was made may be considered in connection with the amount, and they may be sufficient to show that the valuation was not the result of the honest judgment of the assessing officer. *People* v. *Bourne,* 242 Ill. 61. See, also, on this point, *People* v. *Illinois Central Railroad Co.* 273 Ill. 220, and authorities there cited.

Counsel for appellee find no serious fault with the rules of law laid down in the decisions but claim that on the facts in this case they do not apply here. They do, however, most earnestly argue that some of the evidence admitted on behalf of appellant and relied on by its counsel in their argument here was not properly admissible. They argue that the evidence of A. N. Banes was not admissible as best evidence; that counsel should have introduced, as we understand the argument, the public records of the sales to which Banes testified. In this we think counsel are in error. The authorities hold that "where the originals that are to be introduced in evidence consist of numerous documents, books, papers or records which cannot conveniently be examined in court, and the fact to be proved is the general result of an examination of the whole collection, evidence may be given as to such result by any competent person who has examined the documents, provided the result is capable of being ascertained by calculation." (*People* v. *Gerold,* 265 Ill. 448, and cases there cited; Jones on Evidence,—2d ed.—sec. 206.) Under these authorities we think Banes' testimony as to the result of his examination of the original records of Massac county was properly admissible.

Counsel for appellee also argue that the reports and tabulations of the Illinois tax commission introduced on behalf of appellant were not properly admitted in evidence on the question here under consideration. These printed reports of the tax commission were printed under the authority of the State of Illinois. The law is, that when it is the duty of officials, under their oath of office, to certify certain official facts, such returns are generally received as evidence. (Jones on Evidence,—2d ed.—sec. 631, and authorities there cited.) Beyond doubt, these official records and reports of the tax commission, whose official duty it was to make them, are public documents and admissible in evidence. As we understand the record, reports of the tax commission on the same points were submitted to and considered by this court in *People's Gas Light Co.* v. *Stuckart, supra.*

Counsel for appellee also argue that as no propositions of law were submitted by appellant it has no right to raise the questions of law here under consideration. Under section 61 of the present Practice act as construed by this court, counsel are required to submit propositions of law to be passed on by the court only where the right to a trial by jury exists and has been waived and the propositions are for the purpose of making the record show the principles of law which were applied in the decision of the case. (*Trego* v. *Estate of Cunningham,* 267 Ill. 367, and authorities there cited; Hurd's Stat. 1917, p. 2243.) The court, in tax cases of this nature, is authorized to examine the delinquent list, and if any defense, specifying in writing the particular cause of objection, is offered by any person interested to the entry of judgment, the statute requires that the court shall hear and determine the matter in a summary manner, without pleadings. It is very clear under that statute and the Practice act, that in a hearing on a delinquent list for failure to pay taxes, counsel are not required to submit, and the court is not compelled to pass upon, prop-

ositions of law.   Therefore no reason is presented in the argument why counsel for the appellant cannot raise these questions of law even though no propositions of law were filed on the hearing.

We do not consider that the reasoning of this court in *People* v. *St. Louis Bridge Co.* 291 Ill. 95, should control on this record as to the fixing of the taxable value of the appellant's property.   The facts in the two cases, in our judgment, are entirely different.   Without regard to the argument of counsel for appellee that the action of appellant's representative was not fair towards the public officials of the county, and without regard to the statements with reference to the taxation of property and the objections before the board of review, some of which appear to be based on facts outside the record, (which, of course, we cannot consider,) the evidence, in our judgment, shows clearly that according to the method, system and practice prevailing, the assessable value of the property in Massac county was not fixed at its true cash value but at not more than fifty per cent of the same, and under the authorities already cited it must be held that the valuation of appellant's property was fixed arbitrarily at its cash value rather than in accordance with the custom, method and practice that obtained in valuing other property in that county, and that therefore the board of review fixed such valuation, as shown on this record and under the authorities cited, arbitrarily, and the objections of the appellant as to the tax should have been sustained.

The judgment of the county court will be reversed and the cause remanded, with directions to sustain the objections as to the taxes in question.

*Reversed and remanded, with directions.*

Mr. JUSTICE THOMPSON, dissenting.