Ella B. Hunter

*v.*

James M. Hunter.

</div>

*Filed at Ottawa November 10, 1881.*

1. Appeal—*does not lie except on final decree or judgment.* A decree upon the verdict of the jury that a complaining wife is entitled to a separate maintenance from the defendant, declaring the wife to be so entitled, but not finding the amount to be paid, leaving that for future determination, is not a final decree from which an appeal lies, but is only interlocutory.

2. No appeal will lie from a merely interlocutory order or decree made in the progress of a cause, either at law or in equity.

Appeal from the Appellate Court for the Second District;— heard in that court on appeal from the Circuit Court of Kankakee county; the Hon. Franklin Blades, Judge, presiding.

Mr. C. R. Starr, for the appellant:

The Appellate Court ought to have dismissed the appeal of the appellee, because the case was not ripe for an appeal, the decree of the circuit court being only an interlocutory decree.

The circuit court simply found that the complainant was entitled to a separate maintenance, and continued the case for further testimony for the amount to be paid. Such a decree is only interlocutory, and is not final in any sense.

It is a well settled rule in equity practice, as well as in proceedings at law, that no appeal lies from any interlocutory order. *Gage* v. *Eich et al.* 56 Ill. 298; *Woodside et al.* v.

*Woodside et al.* 21 id. 207; *Pentecost* v. *Magahee,* 4 Scam. 326; *Myers et al.* v. *Manny et al.* 63 Ill. 213; *Racine and Mississippi Railroad Co.* v. *Farmers' Loan and Trust Co. et al.* 70 id. 249; *Blake* v. *Blake,* 80 id. 524.

Mr. JAMES N. ORR, for the appellee:

The decree finding that the wife was entitled to a separate maintenance was final, fixing the future status of the parties. The finding the amount to be paid the wife for a separate maintenance is always a secondary part, and is under the control of the court, and subject to alteration as the circumstances may require.

On the husband's appeal from this order, the Appellate Court reversed the decree for separate maintenance, and remanded the cause to the trial court, with directions to dismiss the bill, from which the wife appealed.

We further say that we think this proves beyond question that the decision of the Appellate Court upon this point, when it decided that "the decree of the court below we regard as final,—it fixes the status of husband and wife, and is as final as a decree of divorce would be," is correct.    See Appellate Court opinion, 7 Bradw. 253; also, *Blake* v. *Blake,* 80 Ill. 523; *Derrick* v. *Lamar Ins. Co.* 74 id. 404; *Burnham* v. *Lamar Ins. Co.* 79 id. 160.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

The bill in this case is for divorce and separate maintenance, and was brought by Ella B. Hunter against James M. Hunter.    In the circuit court two issues were submitted to a jury for their judgment on the questions of fact involved:

*First*—Has defendant been guilty of extreme and repeated cruelty, as charged in complainant's bill; and if not,

*Second*—Has defendant been guilty of such conduct and treatment towards complainant as justified her in separating herself from and living apart from defendant.

As to the first proposition submitted, the jury found defendant not guilty; and as to the second issue, they found defendant had been guilty of such cruelty toward complainant as justified her in separating herself from and living apart from defendant. Thereupon the court entered an order dismissing so much of the bill as prayed for a divorce, and further decreed complainant was entitled to separate maintenance from defendant. On defendant's appeal, the Appellate Court reversed the decree of the circuit court, and remanded the cause, with directions to that court to dismiss the bill. Complainant brings the case to this court on appeal.

It would seem the decree of the circuit court was not final in that sense from which an appeal would lie. The court simply decreed, on the verdict of the jury, complainant was entitled to separate maintenance from defendant. What sum defendant should pay for that purpose was not determined. The cause was continued to hear evidence. Until the sum defendant should pay for the separate maintenance of complainant was determined, and a decree pronounced definitely settling the rights of the parties, it could not be said any final decree had been rendered in the cause. The order made by the court touching separate maintenance for complainant was interlocutory, and the law is well settled no appeal will lie from an interlocutory order or decree made in the progress of a cause, either at law or in equity. *Gage* v. *Eich*, 56 Ill. 297.

As the Appellate Court had no jurisdiction to hear defendant's appeal, it follows the judgment rendered against complainant for costs was erroneous, and its judgment must be reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

*Judgment reversed.*