## CHRISTIANA WILLIAMSON
## v.
## CHARLES J. BORCHSENIUS.

*Set-off—Judgments—Decree* Pro Confesso—*Reference to Master—Premature Appeal.*

Upon a bill filed by a judgment creditor of an administratrix to have certain judgments in his favor set off against the judgment in favor of the defendant, it is *held:* That the decree rendered *pro confesso,* allowing the set-off claimed and an injunction, and referring the cause to a master to state the balance due from the complainant, is not a final decree for purposes of appeal.

[Opinion filed January 20, 1888.]

APPEAL from the Circuit Court of La Salle County; the Hon. GEORGE W. STIPP, Judge presiding.

Messrs. FOWLER BROTHERS and J. B. RICE, for appellant.

Mr. SAMUEL RICHOLSON, for appellee.

*Per Curiam.*   This was a bill in chancery brought by appellee against the appellant, who was the administratrix of the estate of Anna Canuteson, deceased, seeking to set off two certain judgments in the Appellate Court and one in the Supreme Court, for costs held by him against said Anna, against a certain judgment held by said administratrix of Anna Canuteson, deceased, against him, recovered on a cause of action accruing in her lifetime; and the above named judgments for costs were obtained by appellee against said Anna in the same cause of action in which the appellant's judgment against him was obtained after her death and in which he had taken appeals from prior judgments to the Appellate and Supreme Courts, and was successful in reversing them and in obtaining judgments for costs on occasion of such reversals.

Williamson v. Borchsenius.

It was stated in the bill herein that the amount of the first judgment for costs in the Appellate Court was about $150. The bill did not state the amounts of the other two judgments for costs. It further averred that the estate of appellant's decedent was insolvent.

The appellant demurred to the bill; the demurrer was over-ruled and default taken, and thereupon the court rendered decree *pro confesso*, that appellee be allowed to set off the said judgment for costs against the judgment in favor of appellant against him, and that appellant be enjoined from collecting from appellee anything more than the balance due the estate after deducting the judgments for costs, and the cause was referred to the master to take and state the account between the parties, stating the balance due after allowing such set-off.

The appeal was prematurely taken. Appellate Courts will not review cases by piecemeal. Freeman on Judgments, Sec. 33. It is the policy of the law to allow only one appeal in the same cause. Notwithstanding the default and decree *pro confesso*, the appellant will have the right to file exceptions to the report, to be made by the master stating the account. The decree on its face is merely interlocutory and leaves it wholly uncertain how much of her judgment appellant is enjoined from collecting.

In legal principle, Tompkins v. Hyatt, 19 N. Y. 534, seems to be in point. There one who was a mortgagee by subrogation foreclosed the mortgage and there was a decree for foreclosure and sale. The complainant had been in possession, receiving rents and profits, and there was a reference to ascertain the amount of the rents and profits collected by him. Upon appeal it was held the decree was not final, and the appeal was dismissed because there might be further litigation under the provisions of the decree to ascertain the amount of allowances for use and occupation of the premises. See also Hunter v. Hunter, 100 Ill. 519. The appeal is therefore dismissed.

*Appeal dismissed.*