·Levi McMahon

*v.*

Joseph B. Quinn *et al.*

*Filed at Ottawa January 18, 1892.*

1. Appeal—*from interlocutory decree.* Where a bill for a partnership accounting was referred to the master to state an account, and pending exceptions to his report the defendant filed a cross-bill showing a bill for an account in another court and the proceedings therein as a bar to further proceedings in the case, which cross-bill was sustained by the court, and on appeal the Appellate Court reversed the

decree of the trial court, and remanded the cause, it was *held*, that the judgment of the Appellate Court was only interlocutory, and that no appeal or writ of error would lie to review the same.

2.. INTERLOCUTORY DECREE—*what constitutes—dismissing cross-bill.* An order dismissing a cross-bill is interlocutory, merely, and is not subject to review in a higher court until the whole case is disposed of. A decree is interlocutory when an inquiry as to matter of law or fact is directed preparatory to a final decision. Such a case differs from one where the order of reversal necessitates the rendition of a particular decree.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. L. C. COLLINS, Judge, presiding.

Messrs. BOOTH & BOOTH, and Messrs. ORR & CRAWFORD, for the plaintiff in error.

Mr. W. T. BURGESS, for the defendants in error.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

Bill was filed for a dissolution of partnership and an account of partnership transactions. It was not denied that there was a partnership between the parties, and that their accounts were unadjusted. It was, however, denied that there was any liability, on a final adjustment of their accounts, from the defendant to the complainant. There was a decree referring the cause to the master in chancery to take the evidence and to state and report the account between the parties. The master took evidence and stated the account, finding a large sum due from the defendant to the complainant. The defendant filed exceptions to the master's report, and their hearing was, by order of court, postponed from time to time. Before the hearing of the exceptions the defendant filed a cross-bill, setting up the filing of a bill by him against the complainant, in the Pike circuit court, for an account of the same partnership transactions, and the proceedings of that court thereon, as a bar to further proceedings in this case, and praying that

complainant be enjoined therefrom. The court found in favor of the cross-bill, and decreed in conformity with its prayer, and complainant appealed therefrom to the Appellate Court for the First District. The Appellate Court reversed the decree of the circuit court, and remanded the cause to that court "for such other and further proceedings as to law and justice shall appertain, with directions to proceed in said cause to a settlement of the partnership accounts, in accordance with the rules and practice of the court." This writ of error is prosecuted to bring that judgment before us for review.

The question is, whether the judgment of the Appellate Court is such a final judgment as may be reviewed on appeal or error. It is plain that the only effect of the judgment of the Appellate Court is to eliminate the cross-bill from the case. In all other respects the case is precisely as it would have been had the record been brought here by error or appeal when the decree was rendered referring the cause to the master in chancery to take the evidence and state and report the account. No disputed matter was settled by that decree, and the vital questions of which, if either, is indebted, and the amount thereof, remain yet to be determined.

In *Fleece* v. *Russell et al.* 13 Ill. 31, it was held by this court that an order dismissing a cross-bill is interlocutory, and such order is not subject to review in this court until the whole case is disposed of, and that decision would seem to be conclusive here.

In *Craighead et al.* v. *Wilson et al.* 18 How. 199, it was held that where a case in chancery was referred to a master to state accounts between the plaintiffs and defendants, to ascertain how much property remained in the hands of the latter, and how much had been sold, with the prices, to make allowances to the defendants for payments made or incumbrances discharged, and to ascertain what might be due from either defendant to the plaintiffs,—this was not such a final decree as could be appealed from to that court; that although the decree

settled the equities of the bill, yet the amount to be distributed depended upon the facts to be reported by the master, and until the allotment to each one of the share to which he might be entitled, the decree could not be considered as final. And it was said in the same court, in the subsequent case of *Beebe* v. *Russell*, 19 How. 285: "A decree is understood to be interlocutory whenever an inquiry as to matters of law or fact is directed preparatory to a final decision." And it was accordingly there held that a decree "that it be referred to the master to take an account of the rents and profits received, or which could and ought to have been received, by the defendants, or any of them, for any part of the said premises; that he take such account distributively as to A and B in the lifetime of A, and as to his heirs since his death, and as to the said O. G. M. since his purchase; that he make no allowances for improvements made by them, or either of them, and take no account of rent upon permanent and valuable improvements erected by them," etc.,—is not a final decree, because it leaves the master to ascertain a sum, with precision, from different elements, from which he is directed to make up an account, and those not merely consequential from the previous directions of the decree.

The case is very different from those wherein the reversal of the decree necessitates the rendition of a particular new decree indicated by the judgment of reversal, and from those wherein the duty to be yet performed by the lower court is purely ministerial, as the computation of an amount, etc. Here, the court, before it can decree that the exceptions to the master's report shall be either overruled or sustained, must act judicially, and determine the weight and effect of the evidence,—and this, too, upon the question whether there is any indebtedness, and, if so, by whom and to what amount; and these questions have never yet been passed upon by the court in any decree hitherto rendered in the case.

The writ of error is dismissed.

*Writ of error dismissed.*