Henry W. Hill, Augustus Engle, George J. Graue, Carl Koch, Lydia Koch, Hertha Koch, Edward R. Owens, Albert Rothbarth, Betty Rothbarth, Albert Rothbarth, Jr., Anna Rathseck, Frederick Rathseck, Ernst Schwaebke, Louisa Schwaebke, Helena Rothbarth Wanda Rothbarth, Emelie Rothbarth, Frieda Rothbarth and the City of Garz v. Paul E. Tarbel.

1. APPEALS—*From Interlocutory Orders.*—Prior to the act providing for appeals from interlocutory orders (Laws 1887, 250), appeals could not be taken in this State, from interlocutory orders or decrees.

2. FREEHOLD—*When Not Involved.*—An order dissolving an injunction which restrains an interested person from probating a will in the Probate Court, does not involve a freehold.

3. INJUNCTIONS—*Issued Without Notice.*—An injunction restraining a party from probating a will, should not be granted without notice.

4. JURISDICTION—*Of Courts of Chancery, in Probate Matters.*—A court of chancery will not, except in extraordinary cases, supersede the Probate Court in the administration of an estate.

Injunction.—Appeal from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1900. Reversed. Opinion filed July 31, 1900. Rehearing denied October 12, 1900.

Statement.—Appellee filed his bill of complaint in the Circuit Court, alleging in substance, that in the year 1869, Paul Rothbarth, deceased, while upon a visit at his former home in Germany, induced the complainant's mother, a sister of said Rothbarth, to permit complainant to go with him to Chicago, promising to adopt him as a son, to maintain and educate him in the best manner, and to give to him all the property of which said Rothbarth might die possessed, in consideration of the surrender of complainant, then a boy of some eleven years, to said Rothbarth; that to this complainant's mother finally consented, and that said Rothbarth thereupon lawfully adopted complainant as his son. The bill alleges that complainant was brought to Chicago by said Rothbarth, who took care of him until October, 1872, when complainant was sent to Indiana upon certain false representations and turned adrift to look out for himself; that he had, while in the care of his said uncle, been crippled for life as a result of a blow inflicted by Rothbarth; that notwithstanding, and in violation of his said agreement, the deceased made a will, disposing of his property in fraud of complainant's rights; that January 8, 1900, four days after said Rothbarth's death, believing that the deceased had made no disposition of his property by will, complainant filed his application and was appointed administrator, and letters of administration were duly executed, but not delivered; that January 9, 1900, defendants Engle, Hill and Graue presented to the Probate Court a document purporting to be the last will and testament of said Rothbarth, deceased, made proof of heirship, and as executors named in such will took such other action as required by law. The bill prays that said purported will be declared null and void, that complainant be declared entitled to the estate, and that the said executors be enjoined from exercising or attempting to exercise any further authority under said pretended will.

Demurrers were filed in behalf of certain of the defendants and answers by others.

June 18, 1900, complainant moved for a restraining order,

and the Circuit Court, upon the bill and affidavit of complainant, directed that an order enter restraining the defendants, their agents and attorneys, from taking any further proceedings in the Probate Court of Cook County in the matter of the estate of Paul Rothbarth, deceased, until the further order of the court.

Fry & Hyde, Pence, Carpenter & High and Vocke & Healy, attorneys for appellants.

Black & Goodwin, attorneys for appellee.

Mr. Justice Freeman delivered the opinion of the court.

This is an appeal by the executors and certain legatees, under a will of one Paul Rothbarth, deceased, from an interlocutory injunction, restraining said defendants from proceeding with the probate of the will and administration of the estate.

A motion has been made by appellee to dismiss the appeal for the alleged reason that this court has no jurisdiction. It is contended that the determination upon the bill of complaint, although incidentally involving the validity of the will, must directly decide the ownership of real estate, and hence a freehold is involved; that if this court dissolves the injunction, then the Probate Court, proceeding with the probate of the will, would vest the title of the real estate in said executors. The claim is broadly made that no appeal will lie, even from an interlocutory decree to the Appellate Court, in a suit for specific performance of a contract whereby a complainant alleges title to real estate.

The constitution provides (Art. VI, Sec. II) that the Appellate Court shall have jurisdiction of " such appeals and writs of error as the general assembly may provide may be prosecuted from circuit and other courts," and that from said Appellate Court " appeals and writs of error shall lie to the Supreme Court, in all criminal cases and cases in which a franchise or freehold, or the validity of a statute, is involved, and in such other cases as may be provided by

law." By the act of 1877 (R. S., Chap. 37, Sec. 25), creating the Appellate Courts provided for in the constitution, jurisdiction was withheld from them in appeals or writs of error from final judgments, orders or decrees in "criminal cases, not misdemeanors and cases involving a franchise or freehold, or the validity of a statute." It was so withheld, not by the constitution, but by the legislature, which, under the constitution, was authorized to limit the jurisdiction of said courts. Subsequently, by the act of 1887 (R. S., Chap. 22, Sec. 52), it was provided "that whenever an interlocutory order or decree is entered in any suit pending in any court in this State, granting an injunction or overruling a motion to dissolve the same or enlarging the scope of an injunction order, * * * an appeal may be taken from such interlocutory order or decree to the Appellate Court." Prior to this act, appeals could not be taken in this State from interlocutory orders or decrees. Pentecost v. Magahee, 4 Scam. 326; Hunter v. Hunter, 100 Ill. 519; McMahon v. Quinn, 140 Ill. 199, and many other cases. By the terms of the act, jurisdiction of such interlocutory appeals was conferred upon the Appellate Court "in any suit pending in any court," whether involving a freehold or otherwise. That court has still no jurisdiction over appeals from final judgments, orders or decrees in cases involving a freehold, but has jurisdiction of appeals from interlocutory orders in such cases.

In view of this conclusion, we need not consider at length the question as to whether or not a freehold is involved in the appeal before us. We are of opinion, however, that whatever may be the result of a final decree upon the case made by the bill, an order dissolving an injunction, which restrains appellant from probating a will in the Probate Court, does not involve a freehold. We can not agree with appellee's counsel that the probate of the will merely, vests title to real estate thereby devised. Such title is derived from the will itself, not from the probate. Williams on Executors, foot note, page 385, and cases there cited. The motion to dismiss the appeal must be denied.

The affidavit upon which, with the bill of complaint, the restraining order was issued, recites as a reason why the injunction should issue at once and without notice " that the probating of the said will would put the title to the real estate in said executors, and that it would put your affiant to the necessity and expense of an appeal and of conducting two cases." This is the only statement which anywhere appears of a reason for applying for an injunction. This affidavit was not filed until the application for the restraining order was made June 18th. The appellants had no notice or knowledge of the application or of said affidavit. The bill itself, filed in February preceding, contains no prayer for an injunction and nothing indicating any intention to apply for one.

It is contended, therefore, by appellants, that the injunction was issued in violation of section 3, chapter 69 of the statutes, which provides that no injunction shall be granted without notice of the time and place of the application, "unless it shall appear from the bill or affidavit accompanying the same that the rights of the complainant will be unduly prejudiced, if the injunction is not issued immediately or without notice." Appellee's counsel urges that the defendants do set up a state of facts, from which it appears that appellee's rights would be unduly prejudiced, if such injunction did not issue immediately and without notice; but they fail to call our attention to any specific statement of what the facts are upon which they so rely. The only such statement we can discover is in the affidavit above referred to, viz., that probating the will would put the title to the real estate in the executors, and put appellee to the expense of conducting two suits. Would probating the will unduly prejudice appellee for either of said reasons? As we have said, it is not probating, but the will itself that vests title to real estate therein devised; and it is difficult to see wherein any right of appellee's is unduly prejudiced, even if it be true that probating the will would put him to the expense of conducting two suits. This might be an inconvenience, but it affects no right. We are of

opinion that the injunction was improperly granted without notice.

But there are other reasons why this interlocutory order should be set aside. The statute prescribes (chapter 148, section 7) that it shall be the duty of the Probate Court, when a will is·presented, to "receive probate of the same without delay," and provides that if any person interested shall, within two years thereafter, contest the validity of the will by bill in chancery in the Circuit Court, an issue at law shall be made up for that purpose. Section 14 of the same chapter provides also for appeals to the Circuit Court from an order "allowing or disallowing any will to probate." The probating of the will, therefore, in the Probate Court, will not in any way prevent appellee from fully testing its validity, or asserting his claim. No reason appears in the bill of complaint or accompanying affidavit why a court of chancery should interfere with the usual course of procedure.

If appellee should be found entitled to the relief which he seeks, it can be obtained, so far as appears, as readily and fully against the executors and others after the probate of the will. There are certain matters connected with the administration of the estate and settlement of claims against it, which may involve rights of third parties, and which the Probate Court should dispose of. But their determination will in no way affect the rights of any of the parties to this suit. It is well settled that a court of chancery will not, except in extraordinary cases, supersede the Probate Court in the administration of an estate. Harding v. Shepard, 107 Ill. 264 (273) and cases cited; Freeland v. Dazey, 25 Ill. 294. No such extraordinary reason exists in this case.

We have considered the other points to which our attention is called, but need not further allude to them.

The interlocutory order appealed from is reversed.

Per Curiam.

In a petition for rehearing filed herein, appellee's counsel express grave fears that because we have spoken of the

document in controversy as " a will of one Paul Rothbarth, deceased," we have thereby determined the case upon its merits. It is sufficiently apparent, we think, that the words so used are descriptive merely, and not used to express any opinion as to the force and effect of said document.

The bill contains no prayer for a preliminary injunction, such as was obtained, and we do not deem it necessary to modify the language of the opinion in that regard.

The petition for rehearing is denied.