KATE BLUST CRAIG, Appellee, *vs.* LEWIS J. CRAIG *et al.* Appellants.

*Opinion filed October 28, 1910.*

APPEALS AND ERRORS—*appeal from interlocutory order overruling motion to dissolve injunction—jurisdiction.* An order of the circuit court overruling a motion to dissolve an injunction is an interlocutory one, from which no appeal lies to the Supreme Court, and while section 123 of the Practice act of 1907 provides for an appeal to the Appellate Court from such an order, it also provides that the judgment of the Appellate Court shall not be reviewed by appeal or writ of error.

APPEAL from the Circuit Court of Woodford county; the Hon. GEORGE W. PATTON, Judge, presiding.

A. M. CAVAN, and E. J. RILEY, for appellants.

ISAAC B. HAMMERS, and C. G. SCHROEDER, for appellee.

Per CURIAM: This was a bill in chancery filed in vacation by Kate Blust Craig against Lewis J. Craig and Sophia Craig, in the circuit court of Woodford county, to obtain an injunction restraining the defendants from obstructing a passageway which it was averred passed over the lands of the defendants, and which formed a means of ingress to and egress from the lands of the complainant upon which she resided, to the public highway adjoining

the lands of the defendants. Upon the bill being filed it was presented to the master in chancery, and an order was endorsed upon said bill by the said master directing that a temporary injunction issue as prayed for in the bill, upon the complainant entering into bond in the sum of $250. An injunction writ was issued by the clerk of said court and served by the sheriff upon the defendants, restraining them from obstructing said passageway until the further order of the court. Upon the convening of the circuit court at its next term defendants appeared and by counsel moved the court to dissolve the injunction upon the face of the bill, which motion was overruled by the court and the defendants prosecuted an appeal from that order to the Appellate Court for the Second District, which Appellate Court found that the case was wrongfully appealed to that court, and entered an order directing the clerk of that court to transmit the transcript and files in the case to the clerk of this court, which has accordingly been done.

The order of the circuit court overruling the motion of the defendants to dissolve said injunction was an interlocutory order and one from which no appeal would lie to this court. (*Keel* v. *Bently,* 15 Ill. 228; *Knapp* v. *Marshall,* 26 id. 63; *Hawkins* v. *Burwell,* 191 id. 389; *Pentecost* v. *Magahee,* 4 Scam. 326.) The Practice act of 1907 (sec. 123) provides for the review by the Appellate Court of interlocutory orders overruling motions to dissolve injunctions. That section of the statute provides, however, that no appeal shall lie or writ of error be prosecuted to review the judgment of the Appellate Court on any such appeal. (Hurd's Stat. 1909, sec. 123, p. 1714.)

This appeal having been inadvertently transferred by the Appellate Court to this court, the clerk of this court will re-transfer the transcript and files to the clerk of the Appellate Court for the Second District.

*Appeal re-transferred.*