## Mobile & Ohio Railroad Company et al., Appellees, v. Alexander S. Fraser, County Collector, et al., Appellants.

1. REVENUE—*when appellate court has jurisdiction.* The appellate court has jurisdiction to review an interlocutory order restraining the collection of a road district tax.

2. ROADS AND BRIDGES—*when municipality not eliminated from road district.* The adding of additional territory to a road district does not operate to eliminate from such district a city which is a part thereof.

Bill for injunction. Appeal from the Circuit Court of Alexander county; the HON. WILLIAM N. BUTLER, Judge, presiding. Heard in this court at the October term, 1911. Reversed and remanded. Opinion filed March 21, 1912.

ALEXANDER WILSON, MICHAEL J. O'SHEA, WILLIAM S. DEWEY and WALL & MARTIN, for appellants.

LANSDEN & LANSDEN and ANGUS LEEK, for appellees.

MR. JUSTICE MCBRIDE delivered the opinion of the court.

A temporary writ of injunction was issued herein. A motion was made by appellants to dissolve the temporary injunction for want of equity appearing upon the face of the bill. The motion was denied, from which order appellants prosecute this appeal.

On May 15, 1911, appellees, by their bill in chancery, sought to restrain the county collector and road district No. 7 in said county from collecting a road district tax. The bill alleges as a reason why appellants should be restrained from collecting such tax that the county of Alexander was not under township organization, and at the July meeting, 1887, the Board of County Commissioners divided the county into road districts and made road district No. 1 to consist of townships 17 and all of fractional township 16, range one west; and made road district No. 2 to consist of townships 17 and 16, range two west; and all other road districts were made to embrace territory west and north of said townships; that on April 24, 1899, a law was enacted giving the Board of County Commissioners of the several counties of the State, "full and complete power and jurisdiction to alter the boundaries of road districts and to change road district lines in their respective counties to suit the convenience of the inhabitants residing therein." And that said Act further provided:

"That hereafter all incorporated cities, towns and villages shall be excluded from all road districts now formed or to be formed in counties not under township organization in this state; provided, however, that such incorporated cities, towns and villages in counties not under township organization may by ordinance elect to be included in such districts. Upon the filing with the County Clerk of such county a copy of such ordinance, it shall be the duty of the County Board of Commissioners at its first session thereafter to

create such city, town or village into a road district or to make it a part of some road district already formed."

The bill then alleges that at the September meeting, 1901, and on the 10th day of the month, the said Board in pursuance of said Act took from said road district No. 1, sections 1, 2, 11 and 14 in said township 17, 1 west, and section 35 in township 16, 1 west, and made out of the same a new road district and numbered the same 7; that the city of Cairo, located in said township 17 in said county, on the 10th of September, 1901, and after the formation of the said road district No. 7, adopted the following ordinance:

"BE IT ORDAINED by the City Council of the city of Cairo, Illinois, that the said City of Cairo by its City Council hereby elects to be included in road district No. 7 of the County of Alexander, in the State of Illinois, as the said district is now formed and established by the Board of County Commissioners of said Alexander County, and that the City Clerk of said City be, and he is hereby directed to file with the County Clerk of said County, a copy of this ordinance as provided by statute in such case."

The bill then alleges that on September 11, 1901, and after the approving of said ordinance, the said County Board at its special term, 1901, entered an order upon its records, in due form of law, reciting the passage of the said ordinance by the city of Cairo, and setting out a copy thereof, and concludes said order with the following language, "It is therefore ordered by the said Board that the said city of Cairo be and it is hereby attached to and made a part of said road district No. 7."

The bill then alleges that the said County Board at its December meeting, 1904, took from such road district No. 1 and added to said road district No. 7, sections 3, 4, 5, 9, 10 and 15 in said township 17; and sections 30, 31, 32, 33 and 34 and parts of sections 18, 19, 27, 28, 29 and 35, all in township 16;

Mobile & Ohio Railroad Company v. Fraser, 169 Ill. App. 210.

that the said Board at the March term, 1910, abolished said road district No. 2 and added the same to said road district No. 7, so formed at the September term, 1901, and enlarged at the December term, 1904, and thereby increased the size of said road district No. 7 to two or three times its former size, and extending the west and northwest boundaries of the district from that of about a mile of a district to twelve to fifteen miles; that since the passage of said ordinance on September 10, 1901, the said city has not by ordinance or otherwise been made a part of or included in the said road district No. 7 as enlarged by the said Board at its December meeting, 1904; or as enlarged at the March meeting, 1910, and avers that by reason thereof the city of Cairo has never been a part of road district No. 7 since its enlargement by the said Board at its December meeting, 1904, aforesaid; that since the December meeting, 1904, the road district commissioners of said district No. 7 claim that the said city of Cairo still remains a part of such road district as enlarged, and have continuously levied and caused to be collected from the real and personal property within said district, including the said city road district tax, and are now engaged in having collected such tax for the year 1910, and avers that such taxes so levied are illegal, null and void; and that the road district commissioners have no jurisdiction or authority to levy or cause to be collected road district tax within the limits of the said city of Cairo, and that Alexander S. Fraser, County Collector, is now engaged in the collection of such taxes, and will at an early day proceed to collect said road district tax from the property of the complainants within said city and a large number of other taxpayers; that the tax so levied is the full rate of thirty cents on the one hundred dollars, and is illegal, null and void, and prays for a temporary writ of injunction restraining the said county collector and his agents, and the said road district No.

7 from the collection of any part of the said illegal road district tax assessed upon the property of complainants, or of any taxpayer within the said city who has become a party to the record in this suit, until the further order of this court; and that upon a final hearing the said injunction may be made perpetual.

On May 27th an order of court was granted directing the issuance of the temporary injunction in accordance with the prayer of said bill until the further order of the court. That the temporary writ of injunction was issued on June 1st and on June 5th the appellants filed a motion to dissolve such injunction, because, first, there is no equity on the face of said bill; second, the said bill is insufficiently verified; and, third, the complainants have a clear remedy, if any, in law. That on June 17, 1911, an order of court was entered overruling said motion to dissolve the temporary injunction, from which order this appeal is prosecuted.

It is contended by counsel for appellees that this court does not have jurisdiction to hear and determine this appeal; that as it relates to revenue it should be appealed to the Supreme Court. It is true, we have a statute requiring appeals from all cases relating to revenue to be made to the Supreme Court; this, however, has reference to final judgments and not to interlocutory orders, as no appeal could be prosecuted to the Supreme Court from an interlocutory order, but section 123 of the Practice Act of 1907 provides especially for the reviewing by the Appellate Court of interlocutory orders overruling motions to dissolve injunctions and that no appeal shall lie or writ of error be prosecuted to review the judgment of the Appellate Court on any such appeal. Section 123 of chapter 110 of Hurd's Revised Statutes for 1909.

This question was fully discussed and settled by the Supreme Court in the case of Craig v. Craig, 246 Ill. 449.

We are of opinion that the appeal from the interlocutory order herein was properly taken to the Appellate Court.

The determination of this case, in our judgment, depends upon whether or not the city of Cairo after having become a part of road district No. 7 in the year 1901, was eliminated from said road district by the adding to such road district of other territory in the years 1904 and 1910, and counsel in their respective briefs have treated this as the controlling question herein. It is true that other questions are discussed but in the view that we take of this case this is the only question that it is necessary to consider.

It is claimed by counsel for appellees that as the provision, "As said district is now formed and established" is contained in the ordinance passed by the city of Cairo giving its consent to become attached to district No. 7, that such was only a qualified attachment, and that it became attached to the territory as it then existed, and that such territory could not be enlarged or diminished. We do not regard these words as a limitation upon the power of the commissioners to enlarge or reduce the respective road districts within their county.

Section 242, Chap. 121, Hurd's Revised Statutes, 1908, provides: "The Board of County Commissioners of each county shall have full and complete power and jurisdiction to alter the boundaries of road districts and to change road district lines in their respective counties to suit the convenience of the inhabitants residing therein." And following that, the law prescribes the manner in which such districts may be changed; and it is alleged in this bill, in substance, that the County Board in enlarging the road district complied with the statute in that respect.

Section 243 of the same Act provides:

"That hereafter all incorporated cities, towns and villages shall be excluded from all road districts

now formed or to be formed in Counties not under Township organization in this State; provided, however, that such incorporated cities, towns and villages in Counties not under Township organization may by ordinance elect to be included in such districts; upon the filing with the County Clerk of such county a copy of such ordinance, it shall be the duty of the County Board of Commissioners at their first session thereafter to create such city, town or village into a road district or to make it a part of some road district already formed.''

It seems to us that the object of the Legislature was to place the formation of road districts in counties not under township organization, under the control of the Board of County Commissioners, except in cities, towns and villages, but that if a city, town or village should elect to be included in such road districts, that were to be made by this Board, then upon such Board accepting the election of the city, such city, village or town, as far as the road district is concerned, became as much the subject of control by this Board as any part of the territory within the county; and the Board had the right to create such city into a separate district, if it desired so to do or to make it a part of some road district already formed.

It is not denied but the city of Cairo was at one time a part of road district No. 7, and we cannot see any reason why the rule should not apply that when it once became a part of that district it should always remain so until changed, as provided by law. If road district No. 7 could not be enlarged or diminished by the County Board without the consent of the city of Cairo then the city of Cairo could, at least in part, direct and dictate how the road districts with which it was connected should be formed, and to do this would render nugatory that part of the statute which gives to the County Board, ''full and complete power and jurisdiction to alter the boundaries of road districts and to

change road district lines in their respective counties to suit the convenience of the inhabitants residing therein.''

The position of counsel for appellees by the allegations of their bill, is, that in 1901, the city of Cairo was properly annexed to and became a part of road district No. 7 but that the words, ''as said district is now formed and established'' in some manner gave the city of Cairo the power to dictate what territory shall be added to district No. 7. We do not think that this clause is susceptible of any such construction, but if it were stated in plain and unmistakable terms that such power was to be exercised by the city it would be void for the reason that the city could only exercise such powers as were conferred by statute, and no such a right is conferred by this statute. By becoming a part of road district No. 7 the city of Cairo so far as it forms a part of such road district is *ipso facto* brought under and made subject to all the laws by which the municipality itself is governed and at once became a constituent part of that road district and was subject to the same law and policy that governed and controlled the remaining part of the district. McGurn v. Board of Education, 133 Ill. 122.

If the city of Cairo had desired to dictate as to whether or not the road district should be enlarged or diminished this power should have been conveyed to it by the Legislature and then exercised in terms plain and unambiguous, and no such power was given, no such exercise of power attempted, and immediately upon its becoming a part of this road district No. 7 it was subject to the laws and powers governing such district. Swift v. Kline, 163 Ill. 269.

We are of opinion that the Circuit Court erred in not sustaining appellants' motion to dissolve the temporary injunction herein for want of equity.

It is ordered by the court that this cause be reversed

and remanded with directions to the Circuit Court to sustain appellants' motion.

*Reversed and remanded.*