The People of the State of Illinois, Appellant, v. Anna L. Sears, Individually and as Executrix of the Last Will and Testament of Richard W. Sears, Deceased, Appellee.

Gen. No. 7,189.

1. APPEAL AND ERROR—*appeal from order refusing to dissolve temporary injunction in revenue matter within jurisdiction of Appellate Court.* The Appellate Court has jurisdiction of an appeal from an order refusing to dissolve a temporary injunction restraining the People from proceeding with proceedings instituted to enforce a tax liability, notwithstanding the provisions of the statute, Cahill's Ill. St. ch. 110, ¶ 118, that all appeals in revenue matters shall be taken directly to the Supreme Court, under the provisions of Cahill's Ill. St. ch. 110, ¶ 122, giving the Appellate Court jurisdiction of appeals from interlocutory orders or decrees in injunction matters without any limitation as to revenue matters.

2. EQUITY—*jurisdiction of proceeding to enforce tax liability.* A circuit court has jurisdiction of a proceeding in equity against a distributee individually and as executrix to charge personalty which has been distributed to her, and real estate within the jurisdiction of the court, with liability for taxes on an assessment made by a county board of review for years during which her testator did not list the property for taxation, such assessment having been made after distribution of the estate, where the bill alleges facts showing that the legal remedy for enforcement of such tax liability is ineffectual.

3. ELECTION AND WAIVER—*estoppel to deny equitable jurisdiction by invocation of and submission thereto.* The parties to a proceeding in equity to enforce a tax liability cannot raise the question of want of equitable jurisdiction by reason of having invoked and submitted to such jurisdiction, where the original bill filed by the People was filed pursuant to authority from a board of county commissioners in the circuit court in question in a matter of which such court had equitable jurisdiction, and the question of want of jurisdiction was there raised by and answered against defendant, who thereupon filed a cross-bill praying for equitable relief upon which issue was joined by answer and the cause referred to a master.

4. INJUNCTIONS—*propriety of temporary injunction against subsequent proceedings to protect jurisdiction.* It was not error for

the circuit court of Lake county, which had acquired full and complete jurisdiction in equity of a proceeding by the People to enforce a tax liability of testator against defendant as distributee individually and as executrix, to refuse to dissolve a temporary injunction restraining the People from proceeding further with a proceeding instituted in another county to enforce the collection of the tax by a statutory remedy, where it is admitted that the circuit court assumed and is exercising full jurisdiction in the prior proceeding and should retain and exercise such jurisdiction exclusive of any other court.

Appeal by plaintiff from the Circuit Court of Lake county; the Hon. CLAIRE C. EDWARDS, Judge, presiding. Heard in this court at the April term, 1923. Affirmed. Opinion filed September 7, 1923.

ROBERT E. CROWE, State's Attorney, by GEORGE E. GORMAN, and WILLIAM H. DUVAL, Assistant State's Attorneys, for appellant; HAYDEN N. BELL, of counsel.

CUTTING, MOORE & SIDLEY, for appellee; CHARLES S. CUTTING and J. DWIGHT DICKERSON, of counsel.

MR. PRESIDING JUSTICE PARTLOW delivered the opinion of the court.

This is an appeal by the People of the State of Illinois from an interlocutory order of the circuit court of Lake county overruling the motion of appellant to dissolve a temporary injunction issued under a cross-bill filed by appellee, Anna L. Sears, individually and as executrix of the last will and testament of Richard W. Sears, deceased. A motion has been made by appellee to dismiss the appeal and this motion will be first considered.

The original bill filed in the circuit court of Lake county by appellant against appellee, in substance, alleged the following facts: Richard W. Sears died September 28, 1914, leaving a last will and testament, by the terms of which all of his property descended to his widow, Anna L. Sears, the appellee. The will was admitted to probate by the county court of Lake county on November 2, 1914, and appellee was ap-

pointed executrix. The estate consisted of about $12,800,000, most of which was personal property. On October 12, 1915, the final account of the executrix was filed and she was discharged. The bill alleged that in 1907, Richard W. Sears became a resident of the Village of Oak Park, in Cook county, and continued to reside there until sometime subsequent to April 1, 1912, during which time his personal property was not listed for taxation. On September 29, 1916, the board of review of Cook county assessed this property from April, 1907, until 1912, covering a period of six years, which assessment was certified to the county clerk of Cook county and was extended as taxes, and warrants for its collection were issued to the county collector. The county collector was unable to make collection. On April 16, 1915, the county court of Lake county vacated the order discharging the appellee as executrix and she is now acting as such executrix.

The bill in this case was filed in the circuit court of Lake county pursuant to authority from the board of county commissioners of Cook county, and prayed that the taxes as assessed be made a charge upon all the personal property of Richard W. Sears received by appellee as sole legatee, as well as upon all the real estate situated within the jurisdiction of the court; that the appellee be decreed to hold said property charged with the trust in favor of the appellant for the payment of the taxes; that a decree be entered requiring appellee to pay said taxes out of the personal estate, and, in default of such payment, that the real estate within the jurisdiction of the court be sold and the proceeds applied as far as possible to the payment of the same.

A demurrer was filed to the bill. The demurrer was overruled. An answer was filed, replications were filed to the answer, and the cause was referred to the master where the case has been pending since December 19, 1917.

In June, 1922, the county collector of Cook county made application to the county court of Cook county for judgment and order of sale for these taxes upon the real estate alleged to belong to the appellee in Cook county.  On July 3, 1922, appellee filed her cross-bill in the original suit in the circuit court of Lake county in which she set up substantially the allegations in her answer to the original bill, and further alleged that the county collector of Cook county had taken action to charge these taxes upon the real estate in Cook county, and she prayed for an injunction restraining these proceedings in the county court of Cook county until the final determination of the original suit in Lake county.  On July 8, 1922, the circuit court of Lake county issued a temporary injunction restraining the People of the State of Illinois, the county collector of Cook county and the State's Attorney of Cook county from proceeding further in the matter of the application for judgment and order of sale in the county court of Cook county. On August 2, 1922, the county collector of Cook county filed a general demurrer to the cross-bill, which was overruled.  On August 6, 1922, the appellant filed its answer to the cross-bill.

The answer to the cross-bill admitted that the county of Cook had invoked the aid in chancery of the circuit court of Lake county in the collection of the taxes; admitted that the county collector had applied for judgment against the property of the appellee located in Cook county; admitted that all the matters and things in connection with the levy and collection of said taxes were before the circuit court of Lake county, and that court had assumed and is now exercising full jurisdiction of all the matters and things connected therewith, which jurisdiction was assumed long before any proceedings were instituted in the county court of Cook county; admitted that the circuit court of Lake county has exercised juris-

diction over said matters, and, while so exercising such jurisdiction, should retain and exercise full jurisdiction exclusive of any other court.

The appellant served notice on the appellee that it would move to dissolve the temporary injunction issued by the circuit court of Lake county. The motion to dissolve was heard and on December 20, 1922, was overruled, and from that decree this appeal is prosecuted. The motion to dismiss this appeal is upon the ground that the revenue was involved and that this court was without jurisdiction to entertain this appeal.

Section II, art. VI, of the constitution provides for the establishment of appellate courts and defines their jurisdiction. The only limitation on their jurisdiction is that from their judgments, appeals and writs of error shall lie to the Supreme Court, in all criminal cases, and cases in which a franchise or freehold or the validity of a statute is involved.

The jurisdiction of appellate courts upon appeals and writs of error from final judgments, orders and decrees is regulated by statute. Section 8, ch. 37 (Cahill's Ill. St., ch. 27, ¶ 40), provides that appellate courts shall have jurisdiction of all matters of appeal or writs of error from the final judgments, orders or decrees in any suit or proceeding at law or in chancery other than criminal cases, not misdemeanors, and cases involving a franchise or freehold or the validity of a statute. Section 118, ch. 110 (Cahill's Ill. St., ch. 110, ¶ 118), provides that appeals from and writs of error to circuit courts in all criminal cases below the grade of felony shall be taken directly to the Appellate Court, and in all criminal cases above the grade of misdemeanors and cases in which a franchise or freehold or the validity of a statute or the construction of the constitution is involved; and in all cases in which the validity of a municipal ordinance is involved, and in which the

trial judge shall certify that in his opinion the public interest so requires, and in all cases relating to revenue, or in which the State is interested, as a party or otherwise, shall be taken directly to the Supreme Court. Under these sections, appeals which involve the revenue, or in which the State is interested, go directly to the Supreme Court. This, however, is not on account of any constitutional requirement but it is because the statute so provided. It has been repeatedly held under these sections that the Appellate Court has no jurisdiction of an appeal from a final judgment in matters relating to the revenue. *People v. Hibernian Banking Ass'n*, 245 Ill. 522; *People v. Cosmopolitan Fire Ins. Co.*, 246 Ill. 442.

In the absence of a statute authorizing it, an appeal or writ of error does not lie from an interlocutory order dissolving or refusing to dissolve a temporary injunction. *Pentecost v. Magahee*, 5 Ill. 326; *Hunter v. Hunter*, 100 Ill. 519; *McMahon v. Quinn*, 140 Ill. 199. In 1887, the General Assembly authorized such appeals, and section 123, ch. 110, (Cahill's Ill. St., ch. 110, ¶ 122), provides that whenever an interlocutory order or decree is entered in any suit pending in any court in the State, granting an injunction, or overruling a motion to dissolve the same, or enlarging the scope of an injunction order, an appeal may be taken from such interlocutory order or decree to the Appellate Court of the district wherein is situated the court granting such interlocutory order or decree.

The language of this section is as broad and comprehensive as it is possible to employ. No class of cases is excluded. It includes all interlocutory orders which may be entered in any case, no matter whether an appeal from a final order in such a case would go to the Supreme Court or to the Appellate Court, and as there is no constitutional limitation on the power of the General Assembly to confer such jurisdiction, we see no reason why the language employed should be

limited so as to exclude cases in which the revenue is involved. This view is sustained not only by the language of the statute, but it is in accord with the following cases: *Bagdonas v. Liberty Land & Investment Co.*, 309 Ill. 103; *Craig v. Craig*, 246 Ill. 449; *Hill v. Tarbel*, 91 Ill. App. 272; *New Ohio Washed Coal Co. v. Coal Belt Ry. Co.*, 116 Ill. App. 153; *Mobile & O. Ry. Co. v. Fraser*, 169 Ill. App. 210. Our attention is called to the cases of *Patterson v. Denton*, 201 Ill. App. 382, and *Birch v. Denton*, 201 Ill. App. 386, where there are contrary holdings. We think the weight of authority is against the holdings in these last two cases, and the motion to dismiss this appeal will be denied.

The only remaining question for determination is whether the chancellor properly overruled the motion to dissolve the temporary injunction issued under the cross-bill. As we understand the contention of appellant, it is that the original bill was filed in the name of the People for the collection of personal property taxes; that there is no jurisdiction in equity for the collection of taxes except as expressly provided by statute; that the original bill having been filed without statutory or other legal authority, the court was without jurisdiction as to both bill and cross-bill, and the temporary injunction has no foundation on which to stand and should have been dissolved.

While it is true that the ultimate purpose of the original bill was to collect a tax, it was not a tax which had been levied in the usual and ordinary manner and it could not be collected as taxes are usually collected each year. Richard W. Sears died in 1914. There was administration on his estate and the executrix was discharged in 1915. In 1916, the assessment in controversy was made. The estate had been distributed. The purpose of the original bill was to subject the personal estate which descended to appellee

to the payment of this tax, as well as the real estate which was within the jurisdiction of the court. Where the remedy given by statute to collect a tax is ineffectual, the People or other tax-collecting agency is entitled to use any means that are likely to result in its collection. *Ryan v. Gallatin County*, 14 Ill. 78; *Dunlap v. Gallatin County*, 15 Ill. 7; *Town of Geneva v. Cole*, 61 Ill. 397; *Jack v. Weiennett*, 115 Ill. 105. Under the facts alleged in the bill, the remedy given by statute to collect this tax was not adequate and a court of equity had jurisdiction of the case.

There is another reason why the jurisdictional question will have to be determined against appellee. The original bill was filed pursuant to authority from the board of county commissioners of Cook county. They selected their own forum freely and voluntarily. One who voluntarily invokes equitable jurisdiction cannot subsequently urge that his complaint should have been dismissed because of an adequate remedy at law. 21 Corpus Juris 171; *Grier v. Cable*, 159 Ill. 29; *Meldahl v. West*, 280 Ill. 421; *Autenrith v. Wilder*, 155 Ill. App. 545. An absolute want of jurisdiction of the subject-matter cannot be waived, nor can the doctrine of estoppel be invoked to confer jurisdiction on a tribunal which has no jurisdiction of the subject-matter, but where the court has general jurisdiction of the subject-matter, a lack of jurisdiction of the particular case may be waived by failure to make timely and specific objections, or an invocation of and submission to the jurisdiction may be raised by estoppel to deny such jurisdiction. *People v. Penn*, 302 Ill. 488; *Knapp, Stout & Co. Company v. McCaffrey*, 178 Ill. 107. After the original bill was filed it was challenged by demurrer. What the grounds were does not appear from the abstract, but appellee insists in her brief that it was on the ground that equity had no jurisdiction, and that in the argument of that demurrer appellant earnestly urged that

equity did have jurisdiction. The chancellor over-ruled the demurrer holding that equity did have jurisdiction. This claim of appellee is not disputed by appellant. If these facts are true, appellant, after having invoked the jurisdiction and having resisted appellee's attempt to oust the court of jurisdiction, is now in no position to raise the question of lack of jurisdiction of the court. After the demurrer was overruled appellee filed her answer, the cause was referred to the master, and had been pending there for almost five years when the cross-bill was filed in 1922 by appellee. A demurrer to the cross-bill was overruled and appellant answered. The relief sought in the original bill was not the same as the relief sought in the cross-bill. The original bill was filed for the purpose of collecting the tax. The cross-bill was filed not only to prevent the collection of the tax but also to have the assessment vacated and set aside. After the bill and cross-bill and answers thereto were filed, neither party was in a position to question the jurisdiction of the court either under the bill or the cross-bill. *Miller v. Rowan,* 251 Ill. 344; *Oakman v. Small,* 282 Ill. 360; *Taylor Coal Co. v. Industrial Commission,* 301 Ill. 384.

We not only think the court had full and complete jurisdiction to hear and determine the cause, but having acquired jurisdiction the court retained that jurisdiction to the exclusion of all other tribunals and had a right to protect its jurisdiction by injunction if necessary. *Sangamon & Drummer Drain. Dist. v. Eminger,* 257 Ill. 281; *Lingle v. Adams,* 259 Ill. 522; *St. Louis Merchants' Bridge Co. v. Eisele,* 263 Ill. 50; *Nolan v. Barnes,* 268 Ill. 515. This is true not only as a matter of law but it is admitted in appellant's answer to the cross-bill. Most of the material facts are set out and it is alleged in the answer to the cross-bill that the circuit court of Lake county assumed and is now exercising full jurisdiction and

should retain and exercise full jurisdiction exclusive of any other court.

The court had jurisdiction of both the parties and the subject-matter and the chancellor properly refused to dissolve the injunction.

The order will be affirmed.

*Order affirmed.*